Abraham R. Margulies, J.
The defendant, Brunetti, by order to show cause is seeking to be relieved from an order of this court and given an opportunity to contest the validity of service of a summons.
If the granting of the application depended in any way upon the moving papers it would be denied. It appears that little interest or concern was evinced by the defendant in the Civil Practice Act or the Municipal Court Code of the City of New York. The appropriate sections were disregarded as if they never existed. Not only did the defendant fail to follow the procedure as outlined by section 88 of the Municipal Court Code but when he was in default failed to set forth in the moving papers what had transpired and attach copy of pleadings and order of this court.
Courts are vested both by statute (Civ. Prac. Act, § 108) and by inherent power with discretion to open defaults at any stage and in all character of actions in order to further justice. (Vanderbilt v. Schreyer, 81 N. Y. 646.)
It is only where the default has been intentional, willful, or where defendant had done something wrong or acted in bad faith that relief would be denied. (Long Is. Trading Corp. v. Tuthill, 243 App. Div. 617.)
In order to answer the question as to whether defendant is entitled to relief requested, an examination of the alleged facts is in order.
The plaintiff sustained property damages as a result of an automobile accident which took place on August 20, 1958 and seeks to recover $850 from the defendant. Plaintiff claims that a summons was personally served on the defendant on August 10,1961,10 days before the Statute of Limitations would have tolled. The defendant contended that he was not served personally but found the summons under his door. Attorney *478 for defendant prepared on August 16, 1961 a notice of motion returnable September 6,1961 to set aside the service. The said notice of motion was served on attorney for plaintiff on August 23, 1961 but the attorney for defendant did not file original thereof with the court until September 7, 1961.
On September 6,1961 the plaintiff and his witnesses appeared, but neither defendant nor his papers were before the court. At request of plaintiff the matter was adjourned to September 13, 1961. However, without bothering to determine what had happened with motion returnable September 6, 1961 the defendant on September 8, 1961 prepared a new notice, served the plaintiff on September 13, 1961 and made same returnable on September 27. The moving papers were filed with the Clerk on September 14,1961 and put on the calendar of September 27.
On September 27 the plaintiff and his witnesses were in court once again to prove the service, but the only one who appeared for defendant was a representative of American Clerical Service, Inc., who said “submit”. Whereupon this court entered the following order: “ Upon the foregoing papers this motion is denied. Plaintiff and his witnesses were in court. Defendant failed to appear. Service answered ‘ .submit ’. This matter came before the court by reason of paper filed September 14, 1961. Application made by defendant is improper in that it fails to comply with M. C. C. Sec. 88. Since defendant has failed to establish basis for special appearance court must overrule objection based upon alleged defective service. Defendant may upon payment of $15.00 costs interpose an answer within seven (7) days after service of copy of this order.”
Obviously counsel for defendant is not familiar with the practice in the Municipal Court where an objection is taken to the jurisdiction of the court. The pertinent portion of section 88 of the Municipal Court Code is as follows: “An objection that the court has no jurisdiction of the person of the defendant * * * may be taken by filing a notice of special appearance, with the clerk, on or before the last day for answering. * * * Upon the filing of such notice of appearance- * * * the matter shall be set down for hearing * * * by the attorney for either party ’ ’.
All of this the defendant did but apparently did not know it for now he says he expected “ someone ” to let him know if his appearance was necessary.
Apparently the defendant is confused with the practice in the Supreme Court (Civ. Prac. Act, § 237-a) where the question of service is brought on by motion, and if on the hearing of the motion there appears to be a question of fact, it is set down for *479 hearing. If so, then the defendant may be entitled to the relief requested on the ground of excusable neglect. Only where the default is intentional, it will not be vacated on ground of mistake, inadvertence or excusable neglect. (Kurtz v. Wilder, 284 App. Div. 1051.)
However, the defendant is not entitled to the relief requested as a matter of right. “ The court, in its discretion, and upon such terms as justice requires * * * may relieve a party from an * * * order * * * taken against him through his mistake * * *. (Civ. Prac. Act, § 108.)
Not only has the defendant caused the plaintiff considerable inconvenience and expense by reason of his neglect but in addition may have deprived the plaintiff of a substantive right, for if the defendant had followed the required procedure, namely to file special notice of appearance no later than August 17, 1961, the plaintiff could have had another opportunity to serve the defendant before the statute tolled (August 20, 1961).
Terms are discretionary and their nature varies with the exigencies presented in each case. (Tripp, A Guide to Motion Practice [Rev. ed.], pp. 293, 294.) In New Amsterdam Cas. Co. v. Augner (262 App. Div. 113), a default judgment was vacated on condition that the defendant stipulate that the testimony of a witness who had died since the inquest be read upon the trial in behalf of the plaintiff. In Beni v. Frasca (259 App. Div. 844) an inquest was set aside upon condition that the defendant stipulate that upon trial that the testimony of the repairman taken at the inquest be admitted.
In these cases as well as many others cited in A Guide to Motion Practice (Eev. ed. and Accumulative Supp. through 1960) by Samuel S. Tripp, there appears to be an effort to make the plaintiff whole as a condition for granting relief requested.
It is true that where defendant has not been served with process he may allow the plaintiff to go on and take judgment by default without affecting his rights. (Reed v. Chilson, 142 N. Y. 152.) Then after entry of judgment moving to set same aside, having matter set down for traverse. However, defendant did not employ this method and we may only properly consider the procedure adopted and for which defendant seeks relief.
Order of this court dated September 27 is hereby set aside and matter set down for hearing on November 20, 1961, on the question of service, on condition (1) that defendant serve no later than November 13, 1961 a copy of this order upon attorney for plaintiff and (2) at the same time pay the sum of $25 and (3) further stipulate that the defendant will not *480 interpose a defense of Statute of Limitations. Otherwise denied and upon payment of $25 costs defendant shall have leave to interpose an answer within 7 days after service of copy of this order.