## (January 22, 1973)

■ ROSA ESPEJO, Respondent, v. GERARDO ESPEJO, Appellant.— In an action in which a judgment of divorce was entered, the defendant husband appeals (1) from so much of an order of the Supreme Court, Queens County, dated July 12, 1972, as denied his motion to amend the judgment by reducing the alimony provisions thereof, and (2) from a further order of the same court, dated October 6, 1972, which granted plaintiff's renewed motion for entry of judgment for accrued arrears of alimony and for an allowance of a counsel fee. Order dated July 12, 1972 reversed insofar as appealed from, without costs, and defendant's motion remitted to Special Term (a) for a hearing on the following issues: (1) whether defendant is actually engaged in private practice and, if so engaged, the income he derives therefrom; (2) whether defendant, if not so engaged, should be expected to augment his income by engaging in private practice as a psychiatrist; (3) whether plaintiff, if she is actually receiving public assistance and not gainfully employed, is able to seek adequate employment in the light of her ostensible teaching background; (4) whether and to what extent defendant is possessed of assets, including any trust accounts; (5) whether defendant's purchase of a house was a deliberate attempt to avoid his responsibility to plaintiff; and (6) whether defendant's application for a reduction of alimony should be granted; and (b) for a new determination. Order dated October 6, 1972, reversed, without costs, and plaintiff's renewed motion remitted to Special Term for a new determination consistent with the new determination to be made after the hearing on the remission herewith of defendant's motion to amend the judgment. Defendant is directed to pay to plaintiff $100 per week for her support and maintenance, commencing with the date of entry of the order to be made hereon, pending determination of the hearing herein directed to be held. The action was commenced on November 17, 1970. On February 8, 1972, plaintiff was granted a judgment of divorce, on the ground of cruelty and the judgment awarded her $100 per week for her support. Several months later defendant made his above-mentioned motion to amend the judgment. He alleged that the provision for alimony and the amount thereof contained in the judgment were based on his salary as a resident physician with a New York State hospital. As a result of his reaching the age of 70, he alleged that pursuant to New York law he was compelled to retire from his position, thereby resulting in

a drastic reduction in his annual income. Further affidavits submitted at Special Term contain conflicting and inadequate information concerning defendant's present ability to work, his total financial status, and plaintiff's ability to be gainfully employed. In our opinion, a full hearing is required to determine the facts upon which a proper award of alimony may be based. In the event Special Term determines that defendant is able to meet the amount of alimony heretofore provided, plaintiff will be entitled to the accrued arrears. If Special Term determines that defendant is not able fully to meet that obligation, he will be entitled to a credit for the amount of support paid commencing with the date of entry of the order to be made hereon, against his indebtedness for alimony. Rabin, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.