■ KATHERINE DOSTANKO, Appellant, v LAWRENCE DOSTANKO, Respondent.—In a matrimonial action, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County, dated January 15, 1974, as granted the defendant's motion to modify a prior judgment of divorce to the extent of reducing the alimony payments directed therein from $40 per week to $25 per week. Order reversed insofar as appealed from, without costs or disbursements, and action remanded to Special Term for a hearing in accordance herewith. Defendant-respondent moved for a downward modification of the matrimonial allowances contained in the judgment of divorce on the ground of a substantial change of circumstances due to his decreased ability to pay. The record before the court is replete with numerous conflicting statements and contrasting data with respect to the income of both parties, the expenses of both parties, and their assets. Under the circumstances, Special Term acted improvidently in failing to direct a hearing to determine the current financial situation of the parties (see *Sarnicola v Sarnicola,* 50 AD2d 842; *Espejo v Espejo,* 41 AD2d 555). Hopkins, J. P., Margett, Damiani and Rabin, JJ., concur.

■ ROBERT GOTTLIEB, Respondent, v NORMAN BRODSKY, Appellant.—In an action to recover damages for personal injuries sustained as the result of an alleged assault, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County, dated November 29, 1976, as, upon granting his motion to vacate his default in appearing at a hearing on a motion to strike his jurisdictional defense, imposed certain conditions. Order modified by deleting therefrom the condition that defendant pay $100 "costs" to plaintiff's attorney. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Defendant-appellant's third affirmative defense was that the court lacked personal jurisdiction because the summons and complaint had not been properly served upon him. A hearing was scheduled for November 5, 1976 on the validity of the service. Defendant excusably defaulted. His counsel's mother-in-law had died and counsel reasonably anticipated that there would be an adjournment. Thereafter, defendant moved to vacate his default. The motion to vacate was granted, upon the conditions that defendant pay to plaintiff's attorney $100 costs, and stipulate to toll the Statute of Limitations for the period of time necessary to hold a further hearing. It is contended that these conditions should not have been imposed. On November 5, 1976, the scheduled hearing date, plaintiff had 10 days left to commence a new action. Had the court held that service was invalid, plaintiff could have served defendant anew, and preserved his rights. However, defendant's excusable default delayed a decision on the validity of service beyond the applicable one-year Statute of Limitations. Thus, vacation of the default, without tolling the Statute of Limitations, would have been to plaintiff's prejudice. Granting defendant a remedy for his excusable default should not result in the denial of plaintiff's substantial legal right to commence a new action (see *Green v Brunetti,* 31 Misc 2d 477). However, we feel that the imposition of $100 costs was unwarranted under the circumstances of this case. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.