■ JOYCE HEMION, Appellant, v DWIGHT HEMION, JR., Respondent.— Order, Supreme Court, New York County, entered February 17, 1978, which, *inter alia,* denied plaintiff's request for an increase of alimony and child support, reversed, on the law, without costs and disbursements, plaintiff's request for a counsel fee reinstated, and the matter remanded for a hearing. Special Term, viewing plaintiff's motion papers seeking increased alimony and child support, concluded that they fail to raise an issue as to the need for such increase which would warrant a hearing. Accordingly, Special Term denied the plaintiff's motion without a hearing. Although the showing by plaintiff as to increased needs for herself and the children in her papers submitted to Special Term may initially appear to be tenuous, it suffices as a predicate for a court inquiry. While plaintiff has accentuated the increase in defendant's income since the time of the entry of the divorce decree, she has offered some evidence to show that she and the children may be entitled to some increased support. Defendant's response that an increase in his income does not provide a reason for an increase in alimony and support is irrelevant at this juncture because the amount of his income will be considered only after it has been determined that the plaintiff is entitled to an increase. Plaintiff averred in her moving papers with some specificity that there have been increases in the amount of mortgage payments, utilities and food amounting to more than $500 per month, in addition to other necessaries. She stated further, without elaboration, that the children's individual needs have increased with their age. A determination of the issues presented cannot be made on the basis of the papers submitted, but should, on this record, be reached at a plenary hearing (see *Matter of Fensterheim v Fensterheim,* 55 AD2d 516; *Danto v Danto,* 50 AD2d 559; see, also, *Espejo v Espejo,* 41 AD2d 555). The issue concerning plaintiff's request for a counsel fee is also more properly resolved after the holding of the plenary hearing directed above. Accordingly, plaintiff's application for a counsel fee is reinstated. Concur—Lupiano, Fein, Lane and Sandler, JJ.; Kupferman, J. P., dissents and would affirm on the opinion of Kassal, J., at Special Term.