■ GLORIA FORSTMAN, Appellant, v STEPHEN B. ARLUCK, Respondent, et al., Defendants.—In a medical malpractice action, plaintiff appeals from (1) an order of the Supreme Court, Suffolk County, dated October 27, 1978, which denied his motion to proceed to inquest for an assessment of damages and granted defendant Arluck's cross motion to open his default and to compel plaintiff to accept service of Arluck's answer; and (2) so much of a further order of the same court, dated December 19, 1978, as, upon reargument, adhered to its original determination. Appeal from order dated October 27, 1978 dismissed as academic, without costs or disbursements. That order was superseded by the order dated December 19, 1978. Order dated December 19, 1978 affirmed, without costs or disbursements, on condition that within 20 days after service upon defendant Arluck of a copy of the order to be made hereon together with notice of entry thereof, said defendant serve and file with the trial court a stipulation waiving his first affirmative defense that the court "does not have jurisdiction of the defendant, Arluck, by reason of the improper service". In the event that said defendant fails to comply with the aforesaid condition, then the order is reversed, on the law, with $50 costs and disbursements, the plaintiff's motion for an inquest is granted and defendant's cross motion to vacate his default is denied. In late August, 1978 the plaintiff commenced the instant medical malpractice action by service of a summons and complaint. After having been refused a stipulation extending the time to answer, defendant

Arluck sought to serve an answer on September 14, 1978. Plaintiff rejected the answer and brought a motion, returnable on October 9, 1978, for an inquest to assess damages upon Arluck's default. Plaintiff consented to Arluck's request to adjourn this motion until October 23, 1978, thereby allowing Arluck the opportunity to cross-move to vacate the default and compel acceptance of the answer. The Statute of Limitations expired on October 9, 1978. Special Term vacated the default and directed the plaintiff to accept service of the answer. Included in the answer is the affirmative defense of lack of personal jurisdiction. In support of Arluck's cross motion is Arluck's averment that rather than being personally served, process was discovered by his wife under the door of the marital residence. There is no denial that Arluck actually received the summons and complaint. Nor is it claimed that the alleged impropriety of service caused Arluck's default. Rather, the only excuse offered for the failure to timely answer was the claim of "necessary bureaucratical action". Arluck has conceded that "the answer was procedurally untimely". Necessarily, the plaintiff was technically entitled to a default judgment (CPLR 3215). Normally, in the circumstances of this case (i.e., a delay of only several days and an adequate, albeit a noncompelling excuse), there is no question that the default would be vacated and that the plaintiff would be required to accept service of the answer. However, in view of the sequence of events, the inclusion in the answer of the affirmative defense of lack of personal jurisdiction severely prejudices the plaintiff because, in the event that the affirmative defense is sustained, the plaintiff would be barred from commencing a new action. This court has frequently recognized that prejudice is an appropriate factor to consider in determining whether or not a default should be vacated (see *Limco Mfg. Corp. v Mattiace Inds.,* 67 AD2d 939; *Van Ness v Aetna Cas. & Sur. Co.,* 57 AD2d 832; cf. CPLR 5015). Furthermore, granting a "defendant a remedy for his excusable default should not result in the denial of plaintiff's substantial legal right to commence a new action (see *Green v Brunetti,* 31 Misc 2d 477)" *(Gottlieb v Brodsky,* 57 AD2d 885). The public policy in favor of disposing of actions on their merits does not extend to vacating a defendant's default so that he may ultimately prevail by nonsuiting the plaintiff on procedural grounds. This is especially true when, as here, the alleged defect has not prejudiced Arluck, who has always been available for service. As is true when granting relief from a judgment or order (CPLR 5015), a court should only vacate a default on terms which are just. In the present circumstances, it must be emphasized that Arluck had actual and timely notice of the pendency of the action. The failure to interpose a timely answer resulted solely from bureaucratic delay and not from any alleged defect in service of process. Had the answer been timely served, the plaintiff would have had ample time to seek a traverse or to reserve the defendant. Similarly, the original return date of plaintiff's motion for an inquest was prior to the expiration of the Statute of Limitations and, if plaintiff had not consented to the adjournment of this motion, a timely reservice could still have been effected if plaintiff's motion had been denied. It is no more just to penalize a plaintiff for her attorney's imprudence than it is to penalize a defendant for a delay caused by bureaucratic procedure. Therefore, equity demands that the defendant's default be vacated on condition that he waive the technical objection to personal jurisdiction. O'Connor, J. P., Rabin and Mangano, JJ., concur.

Shapiro, J., concurs in part and dissents in part, with the following memorandum: I agree that the appeal from the order dated October 27, 1978 must be dismissed. However, I believe that this court's affirmance of

the order dated December 19, 1978 on condition defendant Arluck waive his first affirmative defense that the court does not have jurisdiction over him by means of improper service is neither logical nor legal. If as Arluck contends he was never properly served with process he could have disregarded plaintiff's proceedings in their entirety and moved, as a matter of right, to vacate any judgment entered against him on the ground that it was utterly void. The fact that he sought to interpose an answer a few days after it was due, but containing, as permitted by law, a defense that the court lacks personal jurisdiction over him certainly did not lessen his rights. By conditioning the affirmance of the order dated December 19, 1978 this court is in effect saying that if Arluck does not withdraw his defense of lack of jurisdiction, it will reverse the order appealed from summarily and without even a hearing determine that proper service of process was made upon him. In my opinion in so determining this court is exceeding its jurisdictional authority.