■  GLORIA FORSTMAN, Appellant, v STEPHEN B. ARLUCK et al., Defendants, and RICHARD DRANITZE et al., Respondents.—In a medical malpractice action, plaintiff appeals from an order of the Supreme Court, Suffolk County, dated January 9, 1979, which, *inter alia,* denied her motion to proceed to inquest for an assessment of damages against defendants Dranitze, Finnerty and Reza and granted said defendants' cross motion to vacate their default and to compel plaintiff to accept service of their answer. Order affirmed, without costs or disbursements, on condition that within 20 days after service upon defendants Dranitze, Finnerty and Reza of a copy of the order to be made hereon together with notice of entry thereof, the said defendants serve and file with the trial court a stipulation to waive their third affirmative defense that the court "lacks jurisdiction over the person and/or property of the defendant, JAMES J. FINNERTY, in that service of process was not made in conformance with the requirements of the CPLR". In the event that the said defendants fail to comply with the aforesaid condition, then the order is reversed, on the law, with $50 costs and disbursements, the plaintiff's motion for an inquest is granted and the said defendants' cross motion to vacate their default is denied. In late August, 1978 the plaintiff commenced the instant medical malpractice action by service of a summons and complaint on the individual defendants. On November 30, 1978 defendants Dranitze, Finnerty and Reza served their answer which alleged as affirmative defenses lack of jurisdiction over Finnerty in that service of process did not comply with statutory requirements and that the action was barred by the Statute of Limitations. The plaintiff immediately rejected the answer but indicated that it might be accepted if the affirmative defense of lack of jurisdiction were withdrawn. Upon the refusal of the defendants' attorney to withdraw that affirmative defense, the plaintiff moved for leave to proceed to inquest for an assessment of damages against the said defendants and the said defendants crossmoved to compel the plaintiff to accept their answer. There was no affidavit of merits submitted by defendant Finnerty. The excuse offered for the delay in serving the answer was the amount of time necessarily consumed in the "three party transfer" of the summons and complaint from the individual defendants to the insurance companies and again to the assigned counsel. There has been no claim of a denial of actual and timely notice of the malpractice action. Under these circumstances, it was an improvident exercise of discretion to grant the cross motion of these three defendants unconditionally. Accordingly, vacation of their default is conditioned on their stipulation that the affirmative defense of lack of jurisdiction over

defendant Finnerty is waived (see *Forstman v Arluck,* 71 AD2d 847). O'Connor, J. P., Rabin and Mangano, JJ., concur.

Shapiro, J., dissents, with the following memorandum: For the reasons stated in my dissenting memorandum in *Forstman v Arluck* (71 AD2d 847) I dissent from this court's conditional affirmance of the order appealed from and vote to affirm it unconditionally.