In the Matter of TITLE GUARANTEE AND TRUST COMPANY, Appellant, against ROBERT DUFFY, as Clerk of the Municipal Court of the City of New York, Borough of Manhattan, First District, Respondent.

First Department, February 25, 1944.

*C. Elmer Spedick* of counsel (*Edward F. Kiernan* with him on the brief), for appellant.

*John P. Powers, Assistant Attorney-General,* of counsel (*Orrin G. Judd, Solicitor-General,* with him on the brief; *Nathaniel L. Goldstein, Attorney-General*), for respondent.

GLENNON, J. The appellant by its petition has shown that one Carlotta Cocchiarelli on or before June 17, 1943, was duly indebted to it in the sum of seventy dollars and twenty cents for services rendered in the examination of a title.

A summons was served on said Carlotta Cocchiarelli in an action in the Municipal Court of the City of New York, Borough of Manhattan, First District, on June 17, 1943. Carlotta Cocchiarelli duly appeared in the action and caused a notice of appearance to be served by her attorney John P. Sweeney of 300 East 116th Street, Borough of Manhattan, City of New York. Annexed to and made part of said notice of appearance was a stipulation providing that the sum of seventy dollars and twenty cents should be paid on or before June 28, 1943, and that in default thereof the appellant might enter judgment against Carlotta Cocchiarelli for the amount due in addition to interest and costs.

It is not disputed that the original of the notice of appearance and stipulation is now on file in the office of the clerk of the Municipal Court, and further that Carlotta Cocchiarelli failed and refused to abide by the terms of the stipulation, and as a consequence appellant was entitled at the time this application was made to enter judgment for the sum of eighty-seven dollars and eighty-five cents.

A judgment in proper form with proof of default was presented to the clerk of the court, together with a request that

same be entered, but the clerk refused to enter the judgment by reason of the fact that proof was not presented that Carlotta Cocchiarelli was not in military service.

The attorney for the appellant was notified by the then President Justice of the Municipal Court, in substance, that the clerk was not permitted to enter the judgment because of the failure on the part of the attorney for the plaintiff to file proof of non-military service of the defendant who defaulted pursuant to the terms of a written stipulation. He stated: "The Board of Justices, in order to have uniformity of procedure, adopted this requirement, notice of which appeared in the New York Law Journal of October 23, 1940, and subsequent thereto."

It is conceded by the Attorney-General that the so-called rule of the Municipal Court referred to in the petition was not adopted under the provisions of section 8 of the New York City Municipal Court Code (L. 1915, ch. 279) permitting the adoption of rules by the Board of Justices of the Municipal Court with the approval of the justices of the Appellate Division.

Reliance is placed by the respondent upon the Soldiers' and Sailors' Civil Relief Act of 1940 (U. S. Code, tit. 50, Appendix, § 520) and section 303 of the Military Law of this State dealing with the same subject. The Federal enactment, so far as material here, provides: "In any action or proceeding commenced in any court if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service." The statute in this State, known as section 303 of the Military Law, reads, in part, as follows: "In any action or proceeding commenced in any court, if there shall be a default of an appearance by the defendant, the plaintiff, within twenty days before the entry of judgment, shall file in the court an affidavit setting forth facts showing that the defendant is not in military service."

We do not believe that it was the legislative intent of either Congress or the State Legislature to prohibit the entry of a judgment, where, as here, the defendant in an action in the Municipal Court duly filed a notice of appearance by an authorized attorney and entered into a stipulation of settlement.

The apparent purpose of both enactments was to protect persons in the military service from having default judgments entered against them without their knowledge. Since this defendant saw fit to appear in the action, it cannot properly be said that she is entitled to the benefits of the Federal and State

laws on the subject, and as a consequence the regulation of the Board of Justices of the Municipal Court of the City of New York has no force and effect insofar as this particular appellant is concerned.

The orders should be reversed, the motion to dismiss the petition denied, and the motion of petitioner for an order directing the clerk of the Municipal Court to enter judgment in the action granted.

DORE, J. (dissenting). In view of the purpose of the Soldiers' and Sailors' Civil Relief Act (which should be liberally construed) and on the particular facts herein disclosed, I think Special Term properly dismissed the petition.

The appearance contemplated by the Act is one which should be deemed to persevere until the time plaintiff seeks to enter judgment by default. Here the sole " appearance " was in connection with a stipulation of settlement with provisions for entry of judgment by default without notice. Petitioner did not show and from the facts adduced it was not reasonable to infer that at the time the judgment was submitted to the clerk for entry, defendant was in fact then represented by counsel who could assert on defendant's behalf the relief afforded by the act.

Accordingly, I dissent and vote to affirm.

MARTIN, P. J., TOWNLEY and UNTERMYER, JJ., concur with GLENNON, J.; DORE, J., dissents in opinion and votes to affirm.

Orders reversed and motion to dismiss the petition denied, and the motion of petitioner for an order directing the clerk of the Municipal Court to enter judgment in the action granted. Settle order on notice.