RALPH GAROFALO, Respondent, v. CHARLES SIDOTE, Defendant, and ROGER MARSHALL, Defendant-Appellant.— Order denying appellant's application to place this action on the Military Suspense Calendar, and setting the case down for trial on a day certain, reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, without costs. The appellant, one of two defendants in this negligence action, is now overseas in the military service of the United States. Absence from a trial in which his liabilities are being adjudged is *prima facie* prejudicial. (*Boone* v. *Lightner,* 319 U. S. 561, 575.) This prejudice is not overcome by the plaintiff's consent to the reading of the testimony given by the appellant in a prior action in which the liability of the respective defendants in this action as between themselves was litigated. The plaintiff was not a party to that action and the issues here involved are not necessarily the same. Close, P. J., Hagarty, Carswell, Lewis and Aldrich, JJ., concur. [See *post,* p. 992.]

In the Matter of the Accounting of JOSEPH A. NICKERSON, as Executor of GAIL BORDEN, Deceased. JOSEPH A. NICKERSON, as Executor, et al., Appellants; JOANNA D. BRODHEAD, as Executrix of WALTER BRODHEAD, Deceased, Respondent.— By separate notices of appeal, appellants, (1) executor of the last will and testament of Gail Borden, deceased, and (2) a special guardian, appeal from so much of a decree of the Surrogate's Court of Westchester County settling the intermediate account of the executor as allows the claim of Walter Brodhead, testator of the respondent Joanna Ditmas Brodhead, declares said respondent's testator to have been an employee of the appellant's testator, Gail Borden, prior to the latter's death and overrules the first objection of the said respondent's testator to the account and dismisses the same without prejudice to renewal upon the executor's final accounting. Decree, insofar as appealed from unanimously affirmed, with costs to respondent Brodhead, as executrix, payable out of the estate. No opinion. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ. [See *ante,* pp. 823, 830, 878, 905.]

EDITH D. MOTT, Appellant, v. GLEN COVE TRUST COMPANY, as Trustee under Trust Agreement Executed November 7, 1936, et al., Respondents, et al., Defendants.— Action for the judicial construction of an *inter vivos* trust. Order denying plaintiff's motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice affirmed, without costs. The cause of action set forth in the complaint is not within the purview of rule 113. Close, P. J., Hagarty, Carswell, Lewis and Aldrich, JJ., concur. [See *post,* p. 987.]

LUCILLE NUNNO, Respondent, v. ARTHUR J. McVAY, Trading under the Name of McVAY's RECREATION HALL, Appellant.— Action to recover damages for personal injuries suffered by the plaintiff, a patron of a bowling alley owned and operated by the defendant, as a consequence of a negligent condition maintained thereon. Judgment for the plaintiff unanimously affirmed, with costs. No opinion. Present — Close, P. J., Carswell, Johnston, Adel and Aldrich, JJ.

CARL ROMAHN, Respondent, v. SAMUEL GUFFAN, Appellant.— In an action for conversion, the defendant appeals from an order denying his motion to dismiss the complaint, and also from an order denying his motion to vacate an order of arrest or in the alternative to reduce the amount of bail required by said order. Orders, insofar as appealed from affirmed, with one bill of ten dollars costs and disbursements. No opinion. Close, P. J., Hagarty, Carswell, Lewis and Aldrich, JJ., concur.