BOWERY SAVINGS BANK, Plaintiff, *v.* ROSARIO PELLEGRINO et al.,
Defendants.

Supreme Court, Special Term, Queens County, November 30, 1945.

*Henry P. Hallock* for plaintiff.

*Harold W. Canavan* for Rosario Pellegrino, defendant.

WENZEL, J. In an action to foreclose a consolidated mortgage
in the sum of $4,400 upon a parcel of ground improved by a one
and one-half story dwelling and attached garage, the plaintiff
has moved for summary judgment.

The first of the consolidated mortgages in the sum of $4,200
was made on or about April 4, 1941, by Napel Realty Corp. to
the plaintiff herein. A bond in the sum of $200, secured by a
mortgage of even date, was made by the defendants, Rosario

Pellegrino and Louise I. Pellegrino, his wife, to this plaintiff on November 1, 1941. By its terms, said mortgage was consolidated with the first mortgage for the sum of $4,200. An extension agreement of the consolidated mortgage was on November 1, 1941, executed by the Pellegrinos.

The defendant, Louise I. Pellegrino and Vincent and Genevieve Nuzzi, were served with process in the State of New York and defaulted in appearance and answering the complaint. The defendant, Rosario Pellegrino, was duly served with process in the State of Nebraska where he is stationed as a member of the armed forces of the United States. By a letter dated October 11, 1945, the legal assistance officer at the post where Rosario Pellegrino is stationed transmitted his answer to the clerk of the court and a copy thereof to the plaintiff's attorney. Said answer in no way draws in issue the allegations of the complaint, but states that said defendant is in the armed forces of the United States, that he was inducted on March 8, 1943, and that the defaults complained of occurred during his military service, which materially affected his ability to comply with the terms of the mortgage. His prayer for relief is that the foreclosure proceedings be stayed as provided by the Soldiers' and Sailors' Civil Relief Act of 1940 (U. S. Code, tit. 50, Appendix, § 501 et seq., as amd.).

It is the plaintiff's position that the foregoing answer does not present triable issues of fact and should, therefore, be stricken inasmuch as no defense to the action exists or has been asserted.

While the military service of a defendant in a foreclosure action does not constitute any defense thereto (Jamaica Savings Bank v. Bryan, 175 Misc. 978), and a defendant in the military service who enters an appearance in an action brought against him has been held as not entitled to the benefits of either the State or Federal Soldiers' and Sailors' Civil Relief Act (Matter of Title Guarantee & Trust Co. v. Duffy, 267 App. Div. 444), I do not believe that it would be proper in this case to grant judgment of foreclosure merely upon the foregoing grounds and without further inquiry by the court.

This case is distinguishable on the facts from the situation involved in Matter of Title Guarantee & Trust Co. v. Duffy (supra.). In that case, the Appellate Division, First Department, expressly stated that it did not believe it to be the legislative intent of either Congress or the State Legislature to prohibit the entry of judgment where the defendant in an action " filed a notice of appearance by an authorized attorney and

entered into a stipulation of settlement '' (p. 446). Here, of course, there was no such stipulation of settlement and no duly authorized attorney has appeared for the defendant in military service. His answer indicates an appearance in person and his '' legal '' advisor was the legal assistance officer — a first lieutenant in the Air Corps — stationed at a camp in a distant State. Surely, it cannot be said that this defendant is represented by authorized counsel who could, if necessary, assert on his behalf the relief which might be obtained under the Federal or State Soldiers' and Sailors' Civil Relief Act. So far as relief thereunder is concerned, the defendant is unrepresented, his wife has defaulted, he has no attorney and no attorney has thus far been appointed by the court as in an action where a defendant in military service has defaulted. The foreclosure involves his property. The defaults appear from the moving papers to have occurred at times subsequent to his induction. While not asserting a defense to the action, the defendant has in his answer invoked the provisions of the Federal Soldiers' and Sailors' Civil Relief Act. It is obvious, therefore, that his absence, while his liabilities and rights are being adjudicated in this action, is prima facie prejudicial to his interests. (*Boone* v. *Leightner,* 319 U. S. 561, 575. Cf. *Garofalo* v. *Sidote,* 267 App. Div. 960.)

That being the fact, the court feels duty bound to act in his behalf. Section 201 of the Soldiers' and Sailors' Civil Relief Act of 1940 (U. S. Code, tit. 50, Appendix, § 521) provides as follows: '' At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, *on its own motion,* and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.'' (Italics supplied.)

However, all that appears before the court upon the present application is that the defendant is presently in military service and prima facie prejudiced by these proceedings. There is no proof before it of facts from which it may '' ' be of opinion ' that his ability to comply with the terms of the obligation or liability has been materially affected by reason of his military service.'' (*New York Life Ins. Co.* v. *Litke,* 181 Misc. 32, 36.) To obtain such facts, the court will on its own motion appoint

an attorney to represent the soldier defendant that he may obtain the facts and thereupon report to the court or move for a stay in the soldier's behalf. In the meantime, the decision upon the motion will be held in abeyance.

Submit order.