MARY T. KING, Plaintiff, *v.* JOHN W. KING, Defendant.

Supreme Court, Special Term, New York County, December 21, 1948.

*Guernsey Price* for plaintiff.

No appearance for defendant.

EDER, J. This is an action for absolute divorce. The defendant has not appeared or answered. The cause was referred to

an official referee to hear and report. The official referee has recommended that an interlocutory judgment be entered in favor of the plaintiff.

In the instant case the summons and verified complaint were personally served on the defendant on January 10, 1948; the affidavit of regularity shows that defendant has not appeared, answered or otherwise moved and that his time to do so has not been extended by stipulation, order of the court, or otherwise, and that no motion addressed to the sufficiency of the complaint has been served; that the time for the defendant within which to answer, under the provisions of the Civil Practice Act, has expired and more than twenty days have elapsed since the service of the summons and said verified complaint and that the defendant is in default in every respect; also, that the summons and complaint were duly served and filed.

The defendant is in the military service of the United States: the plaintiff has filed an affidavit reciting that fact and other facts to the effect that the defendant has been fully apprised of the pendency of this action and of other steps taken in connection therewith.

The question presented is whether, in the situation here disclosed, judgment by default may be rendered and entered against the defendant in view of the provisions of section 303 of the Military Law.

In subdivision 1 of said section 303 it is, among other things, provided that in any action or proceeding commenced in any court, if there shall be a default of an appearance by the defendant, the plaintiff within twenty days before the entry of judgment, shall file an affidavit setting forth facts that the defendant is not in the military service.

Subdivision 3, among other things, provides that in any action or proceeding in which a person in military service is a party, if such party does not personally appear therein or is not represented by an authorized attorney, the court may appoint an attorney to represent him.

Subdivision 4, so far as here material, provides: " If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service, or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided

it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof.''

The title of section 303 is '' Protection against judgment in default, etc.'', and while, of course, the title of an act forms no part of the law itself, yet it may be resorted to as an aid in ascertaining the legislative intent where that might otherwise appear ambiguous from a reading of the act itself.

It appears from the record that since in 1946 there has been correspondence with the defendant, and with attorneys engaged by plaintiff, near Fort Bragg, N. C., where the defendant has been stationed, looking towards possible arrangements for plaintiff's support. Negotiations continued and defendant later retained attorneys in North Carolina in that connection. Finally an arrangement was made that if the final judgment in this action provided for $500, lump sum alimony, such sum would be paid.

Later, the defendant took the position that he had decided not to enter an appearance in this action; that he, defendant, had obtained a divorce in North Carolina (plaintiff herein not appearing in that action) and had there remarried. He objected to a provision in the interlocutory decree to be entered herein to the effect that there is no judgment or decree of divorce between the parties hereto rendered by any court having jurisdiction to grant the same in any State, etc., and the clause that the defendant is forbidden to marry any person other than plaintiff during the lifetime of plaintiff, except by express permission of this court.

Plaintiff's attorneys in North Carolina wrote, saying: '' He [defendant's North Carolina attorney] says that if these clauses are struck out that he will recommend to Capt. King that he sign the waiver.'' Thus the defendant has been kept fully informed of the pendency of this action and has had more than ample time to appear herein and make his defense, but he has deliberately refrained from doing so and has intentionally defaulted.

It is apparent that he is laboring under the impression, and so, seemingly, is his attorney in North Carolina, that a judgment by default cannot be entered against him by default in this action, perforce the provisions of section 303 of the Military Law, and, mayhap, the Federal act dealing with the same subject (U. S. Code, tit. 50, Appendix, § 520), because he is in the military service, and it is quite evident that he is by virtue of that belief seeking to make terms and to avoid giving a formal notice of appearance.

It is my view that in the situation disclosed, judgment by default may be rendered and entered against the defendant, even though he is in the military service.

This enactment — section 303 — was the subject of consideration in *Matter of Tit. Guar. & Trust Co.* v. *Duffy* (267 App. Div. 444) and it was there said (p. 446) that the apparent purpose of said Federal act, and of section 303, was to protect persons in the military service from having default judgments entered against them " *without their knowledge.*"

Where, as here, the defendant in the military service was fully aware of the pending suit and could have made a timely appearance and answer, or otherwise moved, but intentionally failed to do so, I am of opinion he does not come within the ambit of section 303.

In my opinion, this provision was not intended to cover such a case, or to prevent a judgment by default against a person in the military service if he was fully informed of the pendency of the action and had adequate time and opportunity to appear and defend, or otherwise protect his rights, if any.

I think this is made evident by the provisions of subdivision 4, wherein it is provided that if any judgment is rendered against a person in the military service during the period of such service, the judgment may be opened if it appears he was " prejudiced " by reason of his military service in making defense thereto, and provided, further, it is made to appear that he has a " meritorious " or " legal " defense to the action or some part thereof.

It certainly was not the intention of the Legislature, in enacting this provision, that it should operate to enable a defendant in the military service to utilize it as a means of wringing from a plaintiff terms to suit the defendant, as a condition of forgoing the protection of this statute, simply because he was in the military service.

Protection, not exaction, is its object, purpose and scope. That is its true design. It is intended to prevent the entry of judgments by default " without their knowledge ", and is not intended to prevent the entry of judgment by default where the default occurs with the full knowledge of the defendant and is deliberately and intentionally suffered.

Upon this record, and what I believe to be the real purpose of the Legislature in the enactment of this statute, I am of opinion that section 303 of the Military Law presents no obstacle to the rendition and entry of judgment against the defendant by default.

The application is granted. Decree signed.