OPINION OF THE COURT
Charles B. Lawrence, J.
In this action, brought for a declaratory judgment to determine the collectibility of certain water meter and sewer charges, the parties have submitted the issues to the court upon an agreed statement of facts, together with transcripts of the .examinations before trial of plaintiff and defendant, and copies of the exhibits introduced upon said examinations.
*764 FACTS
The parcel of real 'property involved is located at 1972-1974 Flatbush Avenue in Brooklyn. Prior to 1943, the parcel consisted of two tax lots, numbered 55 and 56 in Block 7817 on the tax map of Kings County, each of which was served by a separate water meter metering water used by the commercial tenants of the respective parcels.
Commencing with the tax year 1943/1944, the two lots were merged into a single tax lot, known as Lot No. 55, but continued to be metered by the two existing water meters, and it appears that the city continued to enter the water meter and sewer charges against the old lot numbers, as though there had been no merger.
Plaintiff’s principals inherited the property in or about 1969, upon the death of their father, who, according to plaintiff’s examination before trial, owned the premises for about 30 years prior to the date of his death. They subsequently, in April, 1969, conveyed title to the plaintiff.
At that time, one of the commercial units was occupied by Coronet Deli (Coronet), as tenant, under a lease which required Coronet to pay as additional rent, all charges imposed for water used in its premises. The water consumed by Coronet was, at that time, metered by water meter No. 3754, and the charges therefor were entered against old Lot No. 56.
Apparently, Coronet paid directly to the city all of the water and sewer charges covering said store premises up to December 31, 1970.
On December 31,1970, said meter No. 3754 was replaced by a new meter bearing No. 4841. During the 10-year period following replacement of the meter, the city from time to time read that water meter and duly entered the readings in the city’s books, against old Tax Lot No. 56, despite the consolidation of the two tax lots in 1943. It is the water and sewer charges based upon those readings of meter No. 4841 between December 31, 1970 and June 24, 1980 which are involved in this litigation.
The bills for the water and sewer charges, based upon the reading of the other water meter, meter No. 8080, metering water used by the tenant of old Lot No. 55, were *765 duly remitted to the plaintiff, and were timely paid. On the other hand, the city has no evidence of the mailing of any bills for meter No. 4841 prior to June, 1980 and the water and sewer charges based thereon were not paid.
On June 3, 1980 the city for the first time billed the plaintiff for the water and sewer charges incurred under meter No. 4841 from December 31, 1970 together with interest thereon from the respective dates of entry of the charges in the city’s books. These meter charges were still entered against old Lot No. 56.
Under protest by plaintiff, the city canceled the bill and canceled the charges entered under old Lot No. 56 and, in August, 1980, re-entered the water and sewer charges for meter No. 4841 from December 31, 1970 through June 24, 1980 in its books under the consolidated Tax Lot No. 55, and rendered new bills therefor, to the plaintiff. These bills were paid by plaintiff, together with interest thereon from August, 1980, the date of entry, by check on December 30, 1980. The check contained the indorsement of “Paid under protest with reservation of all rights.”
CONTENTION OF PARTIES
Plaintiff contends that the city should be required to refund to it the water meter charges which accrued more than six years prior to the time the corrected bills were rendered, apparently seeking to invoke the six-year Statute of Limitations applicable to contract actions, and in addition, that the city should be charged with laches and estopped from collecting or retaining any of those charges because of plaintiff’s changed position vis-a-vis its ability to recover the water and sewer charges from its former tenants who can no longer be located or whose debts were discharged in bankruptcy.
The city has counterclaimed seeking to recover interest from the original dates of entry of the water meter charges in the city’s records under old Lot No. 56.
It is clear that plaintiff’s attempt to obtain a refund of the water and sewer charges based upon his Statute of Limitations contention must fail.
Under the agreed statement of facts, plaintiff has conceded that “During the period December 31, 1970 to April *766 4,1980 readings from both meters were duly entered in the City’s books pursuant to New York City Administrative Code Section 415(l)-7.0.”
Under that section, those charges became liens upon the affected property and remained liens until paid. The failure of the city to render bills or give notice of such charges did not affect the lien of those charges and they remained just debts or obligations.
Under section 415(1)-17.0 of the Administrative Code of the City of New York, however, appropriate notice of those charges was required before they became due and interest could accrue thereon. In light of the fact that there is no evidence that the city rendered proper bills to anyone until the corrected bills were rendered in August, 1980, they did not become due and payable until such date and interest did not commence to accrue on said water and sewer charges until that date.
Plaintiff’s contention that the city should be charged with laches, and thus barred from collecting or retaining these charges also fails.
Laches is an equitable principle which may be invoked under proper conditions as a defense or shield against stale claims, but cannot be used as a sword to obtain affirmative relief.
While the city may have been negligent in the manner in which it treated the water meter account for meter No. 4841 in this matter (and failed as well to place an “arrears” notice on the real estate tax bills as required by section 415[1]-10.0 of the Administrative Code), it should be noted that plaintiff’s principal testified on an examination before trial that she was unaware of the existence of the water meter No. 4841 prior to June, 1980. Obviously plaintiff never registered with the Department of Water Supply, Gas and Electricity and never requested meter readings or bills for this water meter. An owner of property has an obligation to be aware of the existence of a water meter on her premises and to take appropriate action to see that meter bills are rendered and paid, particularly when she is looking to a tenant to pay those bills so that her property would not be affected by liens therefor.
*767 CONCLUSION
For the reasons set forth above, both the complaint and counterclaim are dismissed, without costs.