■ ELSIE TURCHIANO et al., Appellants, v JAY DEE TRANSPORTATION et al., Respondents. — In an action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Nassau County (Oppido, J.), entered November 14, 1983, which denied their motion to remove the action from the Military Suspense Calendar and to restore it to the Ready Day Trial Calendar.

Order reversed, with costs, and motion granted to the extent of removing the matter from the Military Suspense Calendar and restoring it to the Reserve Day Calendar of Trial Term, Part I, of the Supreme Court, Nassau County, to be deferred until either (1) defendant Perez serves upon the parties to this action and files with the clerk of Trial Term, Part I, copies of affidavits of both himself and his commanding officer, stating in detail the earliest possible date upon which he can be made available to attend the trial of this action, or (2) the attorneys for the plaintiffs serve and file an affirmation stating that the time of the defendant Perez to serve and file the required affidavits has expired and he has failed to do so. Upon the filing of the affidavits or affirmation called for in (1) and (2) above, together

with proof of service thereof, the matter shall be called on the calendar of Trial Term, Part I, at which time the Justice presiding shall, after hearing argument from the attorneys for the parties, set the case down for trial on a date certain or make such other order as, in his or her discretion, the circumstances of the case and the interests of justice require (*see,* 22 NYCRR 699.3 [c]). The time of defendant Perez to serve and file the affidavits called for in (1) above is extended until 60 days after service upon him of a copy of the order to be made hereon, with notice of entry.

This action arose as the result of an automobile accident which occurred on July 25, 1977, involving a vehicle owned by defendant Jay Dee Transportation and operated by defendant Perez. By application dated December 1, 1982, defendants moved pursuant to Military Law § 304 to have the action put on the Military Suspense Calendar as defendant Perez had enlisted in the United States Army in September 1977, was stationed in Fort Benning, Georgia, and had no accumulated leave which could be used to attend the trial. That application was granted. By notice of motion dated April 4, 1983, plaintiffs moved to restore the action to the Ready Day Calendar. That motion was denied and plaintiffs appeal.

We reverse and grant the motion to the extent of restoring the action to the Reserve Day Calendar of Trial Term, Part I, of the Supreme Court, Nassau County, and direct defendant Perez to furnish that court with more recent and detailed affidavits from himself and his commanding officer regarding his availability for trial at the earliest possible date. While the Supreme Court may not have abused its discretion under Military Law § 304 in initially relegating this matter to the Military Suspense Calendar, defendants subsequently failed to submit sufficient evidence of the continued unavailability of the defendant Perez to enable it to make an adequate determination as to whether the action should remain in abeyance. "Section 304 of the Military Law quite evidently was not intended to give a litigant, even though in military service, complete immunity from claims arising as a result of his civilian life and activities" (*Isaacs v Isaacs,* 37 NYS2d 527, 528).

Furthermore, defendant Jay Dee Transportation cannot simply sit back and indefinitely avoid a trial of this action, because Military Law § 304 was created solely for the benefit of those in the armed services of the United States (*cf. Royster v Lederle,* 128 F2d 197; *Laperouse v Eagle Indem. Co.,* 202 La 686, 12 So 2d 680). Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.