■ GERTRUDE SHORT, Individually and as Mother and Natural Guardian of KAREN SHORT, an Infant, Respondent, v LOWELL RAPPING et al., Defendants, and HERBERT EISLER, Appellant.—In an action to recover damages for medical malpractice, the defendant Herbert Eisler appeals from an order of the Supreme Court, Westchester County (Buell, J.), entered September 12, 1986 which denied his motion to dismiss the complaint and granted the plaintiff's application for a stay pursuant to Military Law § 304.

Ordered that the order is affirmed, with costs.

The appellant's motion to dismiss the plaintiff's action for want of prosecution was properly denied in view of his failure to comply with the statutory requirements. Moreover, to the extent that the appellant's motion to dismiss was predicated on the equitable doctrine of laches, it must fail. "Laches is an equitable principle which may be invoked under proper conditions as a defense or shield against stale claims, *but cannot be used as a sword to obtain affirmative relief*" *(Marver Realty Corp. v City of New York,* 117 Misc 2d 763, 766 [emphasis supplied]; *see also,* 30A CJS, Equity, § 113).

Finally, we conclude that the plaintiff's application for a stay pursuant to Military Law § 304 was properly granted. The record establishes that the infant plaintiff is presently in military service and is stationed in Berlin, West Germany. We note that the appellant may seek to vacate the imposed stay if the infant plaintiff is reassigned by the United States Army to a geographical location and/or position which would not "materially affect" her ability to pursue her claim against him *(see,* Military Law § 304). Mollen, P. J., Lawrence, Kunzeman and Harwood, JJ., concur.