OPINION OF THE COURT
David Friedman, J.
Respondent tenant Charles Hemmingway occupies an apartment at 665 New York Avenue, pursuant to a lease. It appears that Hemmingway is a noncommissioned officer in the United States Army, assigned as a reservist to the gymnasium located at Fort Hamilton, New York. Since March 1989, he has failed to pay the monthly rent of $370.44.
Because of this failure, petitioner landlord, Cornell Leasing Corp., commenced this proceeding. Utilizing RPAPL 733 (2), Cornell commenced the proceeding by order to show cause (Diamond, J.) rather than a notice of petition. The order to show cause seeks (1) final judgment for rent due; (2) possession of Hemmingway’s apartment; (3) the issuance of a warrant; and (4) a court directive dispensing with the requirement that a nonmilitary affidavit be filed before a warrant may issue. Since Hemmingway did not appear on the return day of the order to show cause, there would be little choice but to grant judgment in favor of Cornell on the first three prongs of its application. Such an outcome is placed in jeopardy, however, by the fourth prong of its application, since Hemmingway is a member of the United States Army. Thus, the emergent issue is whether and under what circumstances a landlord may evict a tenant who is a member of the United States Army. Consideration of this issue must commence with examination on the Federal level of subdivision (1) of section 300 of the Soldiers’ and Sailors’ Civil Relief Act of 1940 (50 USC, Appendix § 530 [1]) and the corresponding New York State provision contained in subdivision (1) of section 309 of the Military Law.
Subdivision (1) of section 300 provides: "(1) No eviction or distress shall be made during the period of military service in respect of any premises for which the agreed rent does not exceed $150 per month, occupied chiefly for dwelling purposes by the wife, children, or other dependents of a person in military service, except upon leave of court granted upon *85 application therefor or granted in an action or proceeding affecting the right of possession.”*
Section 309 is identical, except for the fact that it does not contain the $150 amount. Parenthetically, it has been held that the $150 limitation adopted in 1966 is not a sine qua non for the application of section 300. (Balconi v Dvascas, 133 Misc 2d 685.) There is no question that Cornell must meet the requirements of both the Federal and State laws before it may evict Hemmingway (5 West’s Federal Practice Manual § 6291 [2d rev ed]).
Cornell’s application as brought before the court by the order to show cause may be considered the application called for by sections 300 and 309. Those sections are not however the only ones with which Cornell must comply. One of the purposes of the Soldiers’ and Sailors’ Civil Relief Act as well as the Military Law is to prevent default judgments from being entered against members of the Armed Services in circumstances where they might be unable to appear to defend themselves. (United States v Kaufman, 453 F2d 306, 308-309.) This purpose is effectuated at the Federal level by section 200 (1) of the Soldiers’ and Sailors’ Civil Relief Act (50 USC, Appendix § 520 [1]), which provides in part, "(1) In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. * * * If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment” (emphasis supplied).
While New York State law originally tracked this provision, section 303 of the Military Law as amended in 1987 (L 1987, ch 693, § 2) has diminished the requirements that must be met for the entry of a default judgment. Thus subdivision (3) of section 303 of the Military Law now provides, ”3. Where a *86 default judgment may properly be rendered in any action or proceeding in any court, the court shall not require the attorney for the plaintiff or petitioner to submit an affidavit or affirmation that the defendant or respondent is not in military service, provided that the court may impose such requirement where authorized by federal law.”
While the provisions of the State law are obviously less onerous for Cornell than those of the Federal law, there is no solace for it since it must still comply with the latter law.
Application of section 200 at bar shows the following: Cornell has moved by order to show cause for various relief including a final judgment. Hemmingway has defaulted. Section 200 would appear to preclude granting Cornell a default judgment since an attorney has not been appointed to protect Hemmingway’s interest as contemplated by section 200. Moreover, insofar as the appointment of an attorney may be indicated, I perceive no basis to appoint one for an individual who, as will be set forth later, seems to have volitionally defaulted. While the foregoing analysis to deny Cornell a default judgment appears initially appropriate, there are in my view countervailing factors which mandate a different approach.
Further examination of the Soldiers’ and Sailors’ Civil Relief Act reveals in section 201 (50 USC, Appendix § 521) judicial discretion to permit a case to go forward notwithstanding the military service of a party. Thus, section 201 (and Military Law § 304) provides, "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant * * * may, in the discretion of the court in which it is pending * * * be stayed * * * unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.”
Comparative analysis of sections 200 and 201 of the Soldiers’ and Sailors’ Civil Relief Act indicates that while section 200 certainly aims to prevent default judgments from being obtained against members of the military, section 201 permits the court to order a case forward if the military service does not materially affect the party’s ability to proceed. (Deacon v Witham, 131 Misc 2d 217.) In point of fact, the aim of sections 200 and 303 was not in a blunderbuss fashion to protect members of the military from having a default judgment *87 entered against them but to protect them from having default judgments entered against them without their knowledge or when unable to defend themselves. (Tivoli Assocs. v Foskey, 144 Misc 2d 723, 725; Burgess v Burgess, 234 NYS2d 87.)
In regard to Hemmingway’s ability to defend, it is significant that this proceeding concerns an apartment being maintained in this county. Additionally, whatever the nature of Hemmingway’s military assignment at Fort Hamilton, it too is in proximity to this court. (Cf., 22 NYCRR 208.18 [f]; Short v Rapping, 135 AD2d 624.) There is every reason to assume that the service of process required by the order to show cause (Diamond, J.) commencing this proceeding did in fact give Hemmingway notice. His decision to disregard the order to show cause should not because of his military service immunize him from responsibilities undertaken in civilian life. (Turchiano v Jay Dee Transp., 109 AD2d 790, 791; cf., Matter of Theresa G. v Eric L., 133 Misc 2d 414; Harriott v Harriott, 211 NJ Super 445, 511 A2d 1264.)
It is of more than passing interest that the instant proceeding is not the first involving Hemmingway’s nonpayment of rent. In a prior proceeding under L&T index No. 67685/88 Hemmingway ultimately appeared in court even though his military status appears to have been the same as it is now. Hemmingway thereby established his ability to defend this type of proceeding, notwithstanding any military service.
Finally, while Cornell’s attorney has failed to offer any evaluation of the point, it is far from certain that Hemming-way’s military service, if it be only as a reservist, constitutes such service as to invoke sections 200 and 300. This question arises from subdivision (1) of section 101 of the Soldiers’ and Sailors’ Civil Relief Act (50 USC, Appendix § 511 [1]), which defines military service as "service on active duty”. However, in view of the conclusion reached, this issue need not be resolved and in any event it cannot be determined from the papers submitted.
Accordingly, Cornell’s motion is granted. Settle order on 10 days’ notice by regular mail with certificate of mailing.

 It cannot be conclusively determined whether Hemmingway leases the apartment solely for himself or for others too. Therefore, the issue of inapplicability of subdivision (1) of section 300 on the grounds that only Hemmingway lives there is not addressed.