■ In the Matter of JOYCE ROSSO, Respondent, v DAVID ROSSO, Appellant.—In a proceeding pursuant to Family Court Act article 6, the father David Rosso appeals (1) from a nondispositional order of the Family Court, Richmond County (Meyer, J.), dated August 27, 1990, which denied his motion to dismiss the proceeding for lack of jurisdiction, and (2) from a dispositional order of the same court, dated October 29, 1990, which granted custody of the parties' two children to the petitioner upon his default in appearing at a hearing on the merits.

Ordered that the appeal from the nondispositional order is dismissed; and it is further,

Ordered that the order dated October 29, 1990, is affirmed; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The appeal from the nondispositional order is dismissed, as no appeal lies from that order as of right (see, Family Ct Act § 1112). However, the issues raised on appeal from the nondispositional order are brought up for review and have been considered on appeal from the dispositional order.

Although the dispositional order was entered upon the appellant's default in appearing at a hearing on the merits of the petitioner's custody application, since the question of jurisdiction was the "subject of contest" in the court from which the appeal was taken (see, Katz v Katz, 68 AD2d 536), that issue is reviewable on this appeal. Review on the merits of the custody issue, is, however, precluded by the appellant's default.

We find that the Family Court properly concluded that it had both subject matter jurisdiction and personal jurisdiction over the parties. Pursuant to Domestic Relations Law § 75-d (1) (a), it is clear that the New York courts have jurisdiction over this custody matter, since New York was the "home state" of the children at the time of commencement of the custody proceeding. Further, the New York courts have personal jurisdiction over the appellant, since he submitted to the jurisdiction of the court when his attorney appeared on the return date of the petition and offered a defense on the merits without asserting the defense of lack of personal jurisdiction (see, Domestic Relations Law § 75-f [4]; Matter of Katz, 81 AD2d 145, 148-150, affd 55 NY2d 904; Colbert v International Sec. Bur., 79 AD2d 448). Bracken, J. P., Eiber, Balletta and Ritter, JJ., concur.