■ MARIO FEOLA, Appellant, v MOORE McCORMACK LINES, INC., Defendant, and QUINN LUMBER COMPANY, Respondent.— Judgment, Supreme Court, New York County (William J. Davis, J.), entered October 1, 1990, dismissing the complaint against defendant Quinn Lumber Company (Quinn) for lack of personal jurisdiction, unanimously reversed, on the law, defendant's motion to dismiss is denied and the complaint reinstated, without costs.

Plaintiff seeks to recover damages for personal injuries allegedly suffered by him on June 24, 1975 while he was employed by Quinn as a stevedore aboard Moore McCormack's vessel MORMACVEGA which was moored at the 23rd Street Pier in New York. This action was commenced in April of 1977 by service of a summons and complaint upon Moore McCormack. Thereafter, on August 15, 1978, Moore McCormack, pursuant to CPLR 3019 (d), served Quinn with a summons and amended answer containing cross-claims for breach of contract and indemnification.

Although plaintiff never served a summons and complaint upon it, Quinn, by serving its reply to Moore McCormack's cross-claims upon Moore McCormack and plaintiff in 1978 and, thereafter, participating fully in the defense of the action for almost eleven years without raising any jurisdictional objection until its present motion pursuant to CPLR 3211 (a) (8), must be deemed to have submitted to the court's jurisdiction and waived any objection regarding in personam jurisdiction.

As succinctly stated by Professor Siegel in his treatise on New York practice: "The consequence of the informal appearance is that while it is a full submission to jurisdiction, and in fact perfects a jurisdiction otherwise lacking, it is also a waiver of any jurisdictional objection the defendant might otherwise have had." (Siegel, NY Prac § 112, at 178 [2d ed].)

Despite the fact that Moore McCormack is no longer in the action, having been discharged in bankruptcy, and its cross-claims against Quinn have fallen, plaintiff's complaint alleges causes of action for negligence and failure to provide a safe place to work against both Moore McCormack and Quinn.

Concur—Rosenberger, J. P., Kupferman, Kassal and Rubin, JJ.