In the Matter of ROSLYN B., Respondent, v ALFRED G., Appellant. [635 NYS2d 283] —In a paternity proceeding, the

father appeals from an order of the Family Court, Richmond County (Clark, J.), dated June 6, 1994, which, *inter alia*, denied his objections to an order of the same court (Panepinto, H.E.), dated January 19, 1994, and which denied his motion to dismiss the proceeding for lack of jurisdiction.

Ordered that the order is affirmed, with costs.

A person who participates in the merits of an action appears informally and confers jurisdiction on the court (*see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C320:2, at 491-492; *Feola v McCormack Lines,* 173 AD2d 256; *Matter of Rosso v Rosso,* 171 AD2d 797; *Rubino v City of New York,* 145 AD2d 285). The appellant conferred jurisdiction on the Family Court when he submitted to a blood grouping test and asserted denials of paternity through his attorney without raising a jurisdictional objection (*see, Matter of Rosso v Rosso, supra*). It is irrelevant whether the appellant was properly served since jurisdiction was conferred by his appearance (*see, Skyline Agency v Ambrose Coppotelli, Inc.,* 117 AD2d 135, 147-148).

We reject the appellant's argument that his original attorney, appointed by the court pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, could not waive the appellant's right to raise a jurisdictional objection (*see,* 50 USC, Appendix § 520 [3]). The purpose of this act is to prevent default judgments from being entered against military personnel without their knowledge (*see, Title Guar. Trust Co. v Duffy,* 267 App Div 444; *Burgess v Burgess,* 234 NYS2d 87). Once the appellant knew of the action and authorized his court-appointed attorney to appear on his behalf, the appellant was no longer entitled to further benefits under the Soldiers' and Sailors' Civil Relief Act of 1940 (*see, Title Guar. & Trust Co. v Duffy, supra; Cornell Leasing Corp. v Hemmingway,* 147 Misc 2d 83). Rosenblatt, J. P., Copertino, Friedmann and Krausman, JJ., concur.