■ CHARLES J. VULLO, Appellant, v LINDA VULLO, Respondent. [648 NYS2d 410] —Judgment and order unanimously affirmed with costs. Memorandum: Supreme Court properly directed plaintiff to reimburse defendant for the amount of separate property she expended to satisfy marital obligations during the pendency of the divorce action (*see, Shahidi v Shahidi,* 129 AD2d 627, 630; 48A NY Jur 2d, Domestic Relations, § 2513, at 272). The record supports the court's calculation of arrears due under the pendente lite orders. (Appeal from Judgment and Order of Supreme Court, Erie County, Wolf, Jr., J.—Equitable Distribution.) Present—Denman, P. J., Green, Callahan, Doerr and Davis, JJ.

■ In the Matter of ELIZABETH FISCHER, Respondent, v DAVID KEEP, Appellant. [648 NYS2d 386] —Order unanimously affirmed without costs. Memorandum: Family Court did not abuse its discretion in concluding that respondent was not entitled to vacate a default judgment entered against him in a proceeding commenced by his former wife seeking payment of child support. Respondent had sought a stay of the proceeding pursuant to Military Law § 304 but had failed to provide sufficient evidence of his continued unavailability (*see, Turchiano v Jay Dee Transp.,* 109 AD2d 790, 791; *Matter of Theresa G. v Eric L.,* 133 Misc 2d 414, 418). The submissions of respondent in support of his application to vacate the default judgment likewise fail to demonstrate that respondent was unavailable to attend the hearing in October 1992. Respondent was able to obtain leave to attend a court appearance in July 1992 and testified at the hearing on his application that he had obtained leave to take a vacation in July and August 1992. (Appeal from Order of Onondaga County Family Court, Rossi, J.—Vacate Default Judgment.) Present—Denman, P. J., Green, Callahan, Doerr and Davis, JJ.