In the Matter of DAVID JOHN D. III. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAVID D. II, Appellant. [831 NYS2d 536]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals from an order of the Family Court, Suffolk County (Sweeney, J.), entered March 1, 2006, which denied his motion to vacate an order of fact-finding and disposition (one paper) of the same court (Spinner, J.), dated June 15, 2004, which, after a combined fact-finding and dispositional hearing, upon the father's default in appearing for a scheduled court date, inter alia, terminated his parental rights and transferred guardianship and custody of the subject child to the petitioner Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the order is affirmed, without costs or disbursements.

Although the father contends that he was not properly served with notice of the petition to terminate his parental rights, he submitted himself to the jurisdiction of the court by appearing on the return date of the petition and at subsequent hearing dates without asserting the defense of lack of personal jurisdiction (*see Matter of Springs v Springs,* 234 AD2d 552 [1996]; *Matter of Rosso v Rosso,* 171 AD2d 797 [1991]). The father's failure to appear on the ultimate hearing date constituted a default, and the court appropriately proceeded by inquest (*see Matter of Geraldine Rose W.,* 196 AD2d 313, 316 [1994]). In order to be relieved of such a default, the father was required to establish a reasonable excuse for his failure to appear, as well as a meritorious defense (*see* CPLR 5015 [a] [1]; *Matter of Michael William O.,* 16 AD3d 511 [2005]). He failed to meet these requirements (*see Matter of Raymond Anthony A.,* 192 AD2d 529, 530 [1993]). Accordingly, the Family Court properly denied the motion to vacate.

The father's remaining contentions are without merit. Miller, J.P., Schmidt, Ritter and Angiolillo, JJ., concur.