■ In the Matter of TIARA B., an Infant. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERIKA B., Appellant. (Appeal No. 1.) [881 NYS2d 352]—Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered February 20, 2008 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent.

■ In the Matter of TIARA B., an Infant. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERIKA B., Appellant. (Appeal No. 2.) [881 NYS2d 754]—Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered March 4, 2008 in a proceeding pursuant to Social Services Law § 384-b. The order denied the motion of respondent to vacate the order in appeal No. 1.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, respondent mother appeals from an order entered upon her default that, inter alia, revoked a suspended judgment and terminated her parental rights with respect to the child who is the subject of this proceeding. The mother failed to appear at the hearing on the petition seeking

revocation of the suspended judgment and, although her attorney was present at the hearing, the attorney did not participate. Under those circumstances, we conclude that Family Court properly determined that the mother's unexplained failure to appear constituted a default (*see Matter of Miguel M.-R.B.*, 36 AD3d 613 [2007], *lv dismissed* 8 NY3d 957 [2007]; *Matter of Amy Lee P.*, 245 AD2d 1136 [1997]; *see also Matter of Geraldine Rose W.*, 196 AD2d 313, 316 [1994], *lv dismissed* 84 NY2d 967 [1994]). We therefore dismiss the appeal from the order in appeal No. 1 (*see Matter of Vanessa M.*, 263 AD2d 542 [1999]; *Matter of Amy Lee P.*, 245 AD2d 1136 [1997]).

In appeal No. 2, the mother appeals from an order denying her motion to vacate the order entered upon her default. Contrary to the mother's contention, the court did not abuse its discretion in denying the motion inasmuch as the mother failed to establish a reasonable excuse for her failure to appear and a meritorious defense to the petition (*see Matter of David John D.*, 38 AD3d 661 [2007]; *Matter of Devon Dupree F.*, 298 AD2d 103 [2002]). Present—Scudder, P.J., Smith, Centra, Peradotto and Green, JJ.