Energy Coop. of Am., Inc. v Luigi's Family Bakery, Inc. (2019 NY Slip Op 02211)





Energy Coop. of Am., Inc. v Luigi's Family Bakery, Inc.


2019 NY Slip Op 02211


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.


183 CA 18-01655

[*1]ENERGY COOPERATIVE OF AMERICA, INC., PLAINTIFF-APPELLANT,
v
LUIGI'S FAMILY BAKERY, INC., AND LUIGI'S BAKERY CORP., DEFENDANTS-RESPONDENTS. 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (ADAM M. BRASKY OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
RICHARD J. KUBINIEC, BUFFALO, FOR DEFENDANTS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered March 5, 2018. The order denied the motion of plaintiff for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is granted.
Memorandum: Plaintiff commenced this action asserting a cause of action of de facto merger based on allegations that defendant Luigi's Bakery Corp. (Bakery Corp.) is liable for a judgment entered in plaintiff's favor against its predecessor, defendant Luigi's Family Bakery, Inc. (Family Bakery). Supreme Court denied plaintiff's motion for summary judgment on the complaint, and we now reverse. Factors courts consider in determining whether a de facto merger has occurred include "continuity of ownership; . . . a cessation of ordinary business and dissolution of the predecessor as soon as practically and legally possible; . . . assumption by the successor of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the predecessor; and . . . a continuity of management, personnel, physical location, assets, and general business operation" (Sweatland v Park Corp., 181 AD2d 243, 245-246 [4th Dept 1992]; see R & D Elecs., Inc. v NYP Mgt., Co., Inc., 162 AD3d 1513, 1515 [4th Dept 2018]). Not all of these factors are required to demonstrate a merger; " rather, these factors are only indicators that tend to show a de facto merger' " (Sweatland, 181 AD2d at 246).
Here, defendants admitted to continuity of ownership between Family Bakery and Bakery Corp., and to two of the other factors of a de facto merger: cessation of ordinary business operations, and continuity of management, personnel, physical location, and general business operation. In both their answer and their bill of particulars, defendants admitted that the successor corporation, Bakery Corp., was formed in the same month that the predecessor corporation, Family Bakery, ceased operations. They also admitted that the successor corporation used the same address and phone number as the predecessor corporation. We therefore conclude that the court erred in determining that there are issues of fact with respect to the date of incorporation of the successor corporation or the date of dissolution of the predecessor corporation. A case for de facto merger can be made without a legal dissolution where, as here, the predecessor company "has become, in essence, a shell" (Matter of AT & S Transp., LLC v Odyssey Logistics & Tech. Corp., 22 AD3d 750, 753 [2d Dept 2005]). We also conclude that, because this was not a default judgment, the court erred in determining that plaintiff was required to submit affidavits of nonmilitary service (see Matter of Roslyn B. v Alfred G., 222 AD2d 581, 581 [2d Dept 1995]; Matter of Title Guar. & Trust Co. v Duffy, 267 App Div 444, 446 [1st Dept 1944]).
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court