DECLAN MCMULLEN, JR., et al., Respondents, v ROBERT ARNONE, Appellant.

Second Department, March 30, 1981

APPEARANCES OF COUNSEL

*James M. Catterson, Jr.*, for appellant.

*Sulsky & Haber (Bernard Meyerson* of counsel), for respondents.

## OPINION OF THE COURT

*Per Curiam.*

In this action to recover damages for assault and malicious prosecution, plaintiffs entered a judgment against defendant upon the latter's default in answering. Defendant's motion to vacate the default judgment was granted upon certain conditions. He has appealed from so much of the order as imposed conditions. For the reasons that follow, we reverse the order insofar as appealed from and grant the motion unconditionally.

On April 14, 1975, while both were employed as teachers at Newfield High School in Selden, New York, plaintiff Declan McMullen and defendant became embroiled in an altercation in the Newfield school corridor. In the aftermath of the dispute, each of the two participants pressed criminal charges against the other, and the ensuing proceedings terminated favorably to the accused in each case. Thereafter the plaintiffs purported to commence this action for assault and malicious prosecution by personal delivery of the summons and verified complaint to the defendant at his home on May 10, 1976. Defendant has maintained throughout, however, that he was never personally served in the action. By letter dated June 9, 1976, counsel for plaintiffs informed defendant of the suit, and on June 17, 1976 defendant's attorney requested and thereafter received a copy of the summons and complaint from opposing counsel. Defendant neither answered nor appeared. On November 27, 1979 Special Term directed that an inquest be held. Defendant did not appear at the inquest, which took place on January 16, 1980, and a judgment in the amount of $57,695 was signed on January 24, 1980.

On April 8, 1980 defendant moved by order to show cause to vacate the judgment pursuant to CPLR 5015 (subd [a], par 4) on the ground that he was never personally served in the action, and on July 14, 1980 a traverse hearing was held. At the hearing, the plaintiffs rested their case on the affidavit of service of Edith Simon, dated May 12, 1976, which averred, *inter alia,* that she had served the summons and verified complaint on the defendant at his home in Shoreham, New York, on May 10, 1976 at 3:00 P.M. by delivering a true copy to him personally. The prime witness for the defense was the defendant himself, who testified in essence that he had not been at home on the date and at the time of the claimed service, but rather that his teaching duties had kept him at Newfield High School until 2:50 P.M., at which time he drove directly to his second place of employment at A. Anthony Real Estate in Rocky Point, New York, where he customarily worked until 8:30 or 9:00 in the evening. Defendant denied going to his home before reporting to work at the real estate agency on May 10, 1976 and asserted that he had never been served with process.

In its decision Special Term found that "plaintiffs did not effect proper service pursuant to CPLR § 308, but * * * that the defendant was aware of the institution of the within action," and granted the motion "to the sole extent that the defendant's default shall be vacated on the condition that:

"1. The plaintiffs serve a copy of the summons and complaint on the defendant's attorney within 10 days of the date of service of a copy of this order with notice of entry.

"2. The defendant within 20 days of service of the summons and complaint shall serve his consent of service and answer which may not contain any defense not possessed by the defendant on May 10, 1976".

Special Term further ordered that the judgment dated January 24, 1980 "shall stand as security pending the ultimate determination of this action."

On appeal, defendant contends that Special Term erred by imposing conditions on vacatur of the judgment in the face of its finding that proper service of process had not taken place. Plaintiffs counterargue that the finding with respect to service was an apparent "misstatement" by the court and that the general tenor of the decision "shows that the Court definitely considered that the defendant was properly served and that defendant never intended to defend the action." Defendant should prevail.

There is no basis in the record for the plaintiffs' assertion that Special Term lapsed into "misstatement" when it found that personal service had not been effected. The hearing evidence presented a clear choice of polar opposites on the question of service, and the court resolved the conflict on the basis of evidence which was not incredible as a matter of law. We recently expressed our hesitance in a similar context "to disturb findings based on conflicting evidence and involving the credibility of witnesses" in the absence of a fair reason to do so (*Aronauer v Ohl*, 80 AD2d 592, 593; see, also, *Potenza v Canto*, 18 NYS2d 849, 851). In any case, no appeal has been taken from the portion of the order that held the purported service to be invalid and we therefore do not reach the issue here.

The only issue presented for our review is the propriety of the terms and conditions imposed by Special Term on the vacatur of the default judgment. It is axiomatic that the failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void (see *Feinstein v Bergner*, 48 NY2d 234, 241; *Muslusky v Lehigh Val. Coal Co.*, 225 NY 584, 587). Such a defect is not cured by the defendant's subsequent receipt of actual notice of the suit, "since notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court" *(Feinstein v Bergner, supra*, p 241, citing *McDonald v Ames Supply Co.*, 22 NY2d 111). It follows that a judgment entered in the course of the proceedings, even though entered on default, is a nullity and binds no one. The person purportedly served may ignore the judgment, resist it or assert its invalidity at any and all times (cf. *Syracuse Eng. Co. v Brown*, 73 NYS2d 446, 448; *Hughes v Cuming*, 165 NY 91). On a motion to vacate such a judgment for want of jurisdiction, the court, upon finding as in the instant case that service of process was not made, must vacate the judgment absolutely, and may not impose terms or conditions upon the vacatur (CPLR 5015, subd [a], par 4; see *Copeland v Gross*, 39 Misc 2d 619; *Associates Discount Corp. v Cabell*, 164 NYS2d 189; *Potenza v Canto, supra;* see, also, *Levin v McGovern*, 53 AD2d 1042; *Devonia Discount Corp. v Bianchi*, 241 App Div 838; *Maxwell v First Port Jefferson Corp.*, 31 AD2d 813). The necessity for the rule is clear, for the imposition of terms and conditions rests upon the assumption that a valid judgment subsists unless and until the conditions are fulfilled, while a finding that jurisdiction was absent renders that assumption untenable.

Special Term thus erred by making the vacatur of the default judgment contingent upon reservice of the summons and complaint and the receipt of defendant's consent to service and answer, and by further ordering that the judgment stand as security pending the "ultimate determination" of the action. Accordingly, the order should be reversed insofar as appealed from and the motion to vacate the judgment granted unconditionally.

LAZER, J. P., GIBBONS, GULOTTA and COHALAN, JJ., concur.

Order of the Supreme Court, Suffolk County, dated September 8, 1980, reversed insofar as appealed from, on the law, with $50 costs and disbursements, motion granted unconditionally and action dismissed.