■ DANIEL MAYERS, Respondent-Appellant, v CADMAN TOWERS, INC., Appellant-Respondent. — In a negligence action to recover damages for personal injuries, (1) defendant appeals from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated July 24, 1981, as conditioned vacatur of its default in answering upon its waiver of the defense of the Statute of Limitations, and (2) plaintiff cross-appeals from so much of the same order as granted vacatur. The appeal and cross appeal bring up for review so much of a further order of the same court, dated December 11, 1981, as, upon reargument, adhered to the original determination. Appeal and cross appeal from the order dated July 24, 1981 dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. Order dated December 11, 1981 reversed insofar as reviewed, without costs or disbursements, order dated July 24, 1981 vacated, and matter remitted to Special Term for further proceedings in accordance herewith. Defendant moved by order to

show cause returnable July 21, 1981, several months after expiration of the Statute of Limitations, for vacatur of its default in answering plaintiff's complaint, purportedly served November 19, 1980. Submitting an affidavit of merits but no draft of an answer, defendant sought leave to interpose a late answer on the ground that it had never been served and had no actual notice of the lawsuit until receipt in June, 1981 of the plaintiff's motion for leave to enter a default judgment. Defendant correctly argues that, had service not been duly effected, Special Term would have no jurisdiction over it and therefore all further proceedings, including the motion for a default judgment, would be absolute nullities (see *McMullen v Arnone,* 79 AD2d 496, 499). On the other hand, had service been properly made, defendant's excuse (lack of actual knowledge of the lawsuit) would have to be weighed with the apparent merit of the case against the prejudice to plaintiff — particularly, the running of the limitation period — caused by defendant's delay in order for Special Term to determine whether it should grant leave to interpose an answer containing *all* defenses, including the limitation period, or only *some* defenses. Thus, although defendant apparently moved under CPLR 5015 (subd [a], par 1) to vacate its default as "excusable", that paragraph would be relevant only *after* Special Term has decided the merit of so much of the proffered excuse as relates to the court's jurisdiction over defendant — an issue formulated in paragraph 4 of the same subdivision. Special Term thus could not properly rule on the excusable nature of defendant's default until it had determined the jurisdictional question. Yet that is precisely what Special Term did here. Special Term decided that defendant could interpose an answer presumably including all possible defenses, except that of the Statute of Limitations, which the court required to be waived as the price of vacating the default. To the extent Special Term's approach to defendant's motion was supported by this court's decisions in *Forstman v Arluck* (71 AD2d 847 and 71 AD2d 849), those decisions are overruled. The matter is therefore remitted for a new determination, to be made after a hearing, (1) whether the court had jurisdiction over defendant, and, if it did (2) whether leave to interpose an answer containing all or only some defenses should be granted in view of the prejudice, if any, caused by defendant's default. Damiani, J. P., Lazer, Gulotta and O'Connor, JJ., concur.