■ BRENT-GRAND, Respondent, v MEGAVOLT CORP. et al., Appellants. — In an action to recover rent due, defendants appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated December 15, 1982, which denied their motion to vacate a default judgment against Unaworld Corp. Order reversed, on the law, without costs or disbursements, and matter remitted to Special Term for a hearing and determination as to whether Unaworld Corp. was properly served in accordance with the CPLR. Pending that hearing and determination, the default judgment shall stand as security, but plaintiff is stayed from executing thereon. Defendants Megavolt Corp. (the primary obligor) and Unaworld Corp. (the guarantor), which is a New Jersey corporation, challenged the existence of personal jurisdiction over them on the ground that they "received notice of this action by regular mail and said notice is not within the service provisions of the CPLR". For the first time on appeal, defendant Unaworld Corp. also alleges that its "sole activity [in this State] was in sending a letter to Brent-Grand dated July 7, 1981, guaranteeing Megavolt's payment. This constitutes insufficient contacts to establish jurisdiction". The latter contention was never raised at Special Term and is unsupported by the record on appeal. Therefore, the issue is "not properly before this court" (*Arnold v New City Condominiums Corp.,* 88 AD2d 578, 579). However, Special Term erred in denying defendants' motion, based on the failure to show a nonwillful default and a meritorious defense, without first addressing the question of proper service (*Mayers v Cadman Towers,* 89 AD2d 844, 845). Indeed, defendants' motion to vacate must be deemed to rest solely on CPLR 5015 (subd [a], par 4 [lack of jurisdiction]) since defendants offer no explanation for their default which would bring their motion within the provisions of CPLR 5015 (subd [a], par 1 [excusable default]). Therefore, the question of a

meritorious defense need not be reached. If it is established at the hearing to be held herein that Unaworld Corp. was properly served, then defendants' motion to vacate the default judgment should be denied. If on the other hand, it is established that Unaworld Corp. was not properly served, then the judgment would be a nullity, and the motion to vacate should be granted unconditionally (*Mayers v Cadman Towers, supra; McMullen v Arnone,* 79 AD2d 496). Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.