■ CHASE MANHATTAN BANK, N. A., Appellant, v MARY R. S. CARLSON, Respondent, et al., Defendant.—In an action to recover moneys alleged to be due and owing under a consumer credit agreement, plaintiff appeals from an order of the Supreme Court, Westchester County (Stolarik, J.), entered December 20, 1983, which granted respondent's motion to vacate a default judgment entered against her.

Order affirmed, without costs or disbursements.

The affidavit of service was insufficient, as a matter of law, to satisfy plaintiff's burden of establishing the exercise of due diligence in attempting to effect personal service upon the respondent before resorting to the use of the so-called "nail and mail" provisions under CPLR 308 (4) *(Kaszovitz v Weiszman,* 110 AD2d 117; *Reed v Domenech,* 90 AD2d 844). Absent proper service of a summons, a default judgment is a nullity and once it is shown that proper service was not effected the judgment must be unconditionally vacated. The existence or lack of a meritorious defense is irrelevant to the question of whether a judgment should be vacated for lack of personal jurisdiction (CPLR 5015 [a] [4]; *Shaw v Shaw,* 97 AD2d 403; *Mayers v Cadman Towers,* 89 AD2d 844; *McMullen v Arnone,* 79 AD2d 496). Brown, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.