■ JOHN J. RISUCCI et al., Respondents, v MANOOCHEHR HOMAYOON, Appellant.—In a medical malpractice action, the defendant appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Roberto, J.), dated December 6, 1984, as denied his motion pursuant to CPLR 3103 for a protective order vacating the plaintiffs' notice to admit, and failed to grant his application for a further opportunity to depose both of the plaintiffs, and (2) from so much of an order of the same court, dated March 28, 1985, as denied his motion to amend the prior order of December 6, 1984, so as to allow him a further opportunity to depose both of the plaintiffs.

Order dated March 28, 1985 reversed, insofar as appealed from, without costs or disbursements, and the defendant's motion to amend the prior order so as to require both the plaintiffs to submit to further examinations before trial granted.

Order dated December 6, 1984, as amended by the order dated March 28, 1985 affirmed, insofar as appealed from, without costs or disbursements.

The defendant's attorney's time to pay a $150 sanction imposed by Special Term in its order dated March 28, 1985 is extended until 20 days after service upon them of a copy of the order to be made hereon. Upon payment of the $150, the defendant may notice depositions of the plaintiffs and a physical examination of the plaintiff John J. Risucci upon written notice of not less than 10 days, or at such time and place as the parties may agree.

The defendant's contentions that the plaintiffs' notice to admit should be vacated because (1) it requests admissions as to matters which could not reasonably be believed to be undisputed, but rather involved issues of expert opinion, and (2) it is being used by the plaintiffs as a substitute for depositions in an attempt to make out a prima facie case on paper, were not raised in the court of first instance. They were, therefore, not preserved for appellate review (see, Mastronardi v Mitchell, 109 AD2d 825, 828; Brent-Grand v Megavolt Corp., 97 AD2d 783). In any event, these arguments are without merit. All of the items in the notice to admit involve clear-cut factual matters about which one would reasonably anticipate no dispute, and the immediate disposition of which would not unfairly prejudice the defendant and would help to expedite the trial (see, CPLR 3123 [a]; Villa v New York City Hous. Auth., 107 AD2d 619, 620).

However, the defendant's other argument that he should be allowed a new opportunity to depose both the plaintiffs because the hearing court, in its order dated December 6, 1984, granted their cross motion to amend their bill of particulars on the eve of trial and to amend the ad damnum clause in their complaint so as to increase the amount demanded by the plaintiff John J. Risucci from $1,000,000 to $5,000,000 is meritorious. The amendment to the bill of particulars included new allegations of injuries in connection with a second operation of Mr. Risucci, as well as injuries arising out of his state of psychological depression. In addition, he claimed additional lost earnings.

When a court grants an amendment to a pleading on the eve of trial, as in the instant action, it must do so in a discreet, circumspect, prudent and cautious fashion so as to avoid any undue prejudice to the other party (see, Eggeling v County of Nassau, 97 AD2d 395). Specifically, the court must

ensure that the other party has an adequate opportunity to dispute any matters alleged in such amendments (see, *De Veaux v Wide World Photos,* 20 AD2d 787). Under the circumstances of this case, where the amendments to the plaintiffs' pleadings were of a patently substantial nature, prudence and caution mandated that the defendant be afforded an opportunity to depose the plaintiffs so as to be able to adequately prepare for trial. It was thus an error for the hearing court to deny the defendant's motion to amend the order dated December 6, 1984, so as to afford him such an opportunity. Further, as soon as the defendant's attorneys comply with the hearing court's order directing them to pay a $150 sanction for failure to comply with the time limitation prescribed in the court's initial order scheduling a physical examination of the plaintiff John J. Risucci, such physical examination may be conducted. Weinstein, J. P., Niehoff, Lawrence and Eiber, JJ., concur.