■ Essie Roseboro, Respondent, v Archie Roseboro, Appellant, et al., Defendant. N&J Development, Ltd., Nonparty Respondent.—In an action, *inter alia,* for the partition or, in the alternative, for the sale of certain real property, the defendant Archie Roseboro appeals from an order of the Supreme Court, Queens County (Joy, J.), entered May 29, 1986, which denied his motion, *inter alia,* to vacate a prior default judgment of the same court (Lonschein, J.), dated August 5, 1985, which, *inter alia,* confirmed the sale of the subject premises.

Ordered that the order is affirmed, with costs.

Absent proper service of process, a default judgment is subject to vacatur at any time *(see, McMullen v Arnone,* 79 AD2d 496, 499). However, the appellant failed to raise a

triable issue of fact requiring a hearing concerning his claim of improper service. The appellant's bare allegations that he did not receive and was not served with a summons and complaint "[are] insufficient to contest jurisdiction * * * 'since he [did] not contend that the method of substituted service was not proper' " (DeCapua v Morrissey, 60 AD2d 754, quoting from National Commercial Bank & Trust Co. v Ross, 40 AD2d 1046), and there was uncontroverted evidence that he did receive a copy of the summons and complaint. Thus, vacatur of the default judgment based upon lack of jurisdiction was not warranted (see, CPLR 5015 [a] [4]).

Further, the appellant failed to show a reasonable excuse for his default. Therefore, denial of his motion was proper, even though he may have had a meritorious defense with respect to the disposition of the proceeds of the sale (see, CPLR 5015 [a] [1]; Cavalla v Ernest F. Elliot, Inc., 86 AD2d 884).

The other contentions raised by the appellant are either not preserved for our review or without merit. Mollen, P. J., Bracken, Niehoff and Lawrence, JJ., concur.