■ CITIBANK, N. A., Respondent, v HORST KELLER, Defendant. JOAQUINA J. KELLER, Appellant. (Action No. 1.) CITIBANK, N. A., Respondent, v HORST KELLER, Defendant. JOAQUINA J. KELLER, Nonparty-Appellant. (Action No. 2.) EUROPEAN AMERICAN BANK AND TRUST COMPANY, Respondent, v HORST KELLER, Defendant. JOAQUINA J. KELLER, Nonparty-Appellant. (Action No. 3.) IRVING TRUST COMPANY, Respondent, v HORST KELLER, Defendant. JOAQUINA J. KELLER, Nonparty-Appellant. (Action No. 4.) NATIONAL BANK OF NORTH

AMERICA, Respondent, v HORST KELLER, Defendant. JOAQUINA J. KELLER, Nonparty-Appellant. (Action No. 5.)—In five actions to recover on debts, the appeal is from an order of the Supreme Court, Westchester County (Weiner, J.), dated December 16, 1985, which denied the motion of the appellant Joaquina J. Keller pursuant to CPLR 5015 (a) to vacate five separate default judgments entered against her former husband, the defendant Horst Keller.

Ordered that the order is reversed, on the law and the facts, with costs, the motion is granted, and the default judgments are vacated.

We find that the appellant is an "interested person" within the meaning of CPLR 5015 (a) who has standing to bring a motion to vacate the default judgments entered against the defendant Horst Keller, her former husband. Pursuant to a divorce judgment, the appellant was awarded exclusive possession of the former marital residence where she lives with her two children. No other disposition was made with respect thereto because of a pending bankruptcy petition filed by the defendant Horst Keller. However, once the divorce judgment was entered, a tenancy by the entirety as to the former marital residence was converted into a tenancy in common *(see, Kahn v Kahn,* 43 NY2d 203, 207). Consequently, an action in partition could be commenced by the defendant Horst Keller's judgment creditors, and the appellant's right to exclusive possession of the marital property might thereby be affected *(see, Murphy v Grid Realty Corp.,* 73 Misc 2d 1071; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5240, at 454). It is clear, therefore, that the appellant had a legitimate interest in the vacatur of the five default judgments entered by Horst Keller's judgment creditors *(see, Oppenheimer v Westcott,,* 47 NY2d 595; *Sanchez v Sanchez,* 79 AD2d 651; *cf., Schellenberg v Wiemann,* 120 AD2d 659, *lv denied* 68 NY2d 609; *Jakobleff v Jakobleff,* 108 AD2d 725).

The appellant correctly contends that the court erred in ruling on the discretionary ground for vacatur under CPLR 5015 (a) (1), i.e., the excusable nature of the defendant's default, without first determining the jurisdictional question under CPLR 5015 (a) (4) *(see, Chase Manhattan Bank v Carlson,* 113 AD2d 734; *Shaw v Shaw,* 97 AD2d 403; *Mayers v Cadman Towers,* 89 AD2d 844). If service had not been duly effected, the court would have no jurisdiction over the defendant and the default judgments would be nullities. Once a movant demonstrates the lack of jurisdiction, a default judg-

ment must be unconditionally vacated *(see, e.g., Chase Manhattan Bank v Carlson, supra; Community State Bank v Haakonson,* 94 AD2d 838, 839; *Mayers v Cadman Towers, supra).*

We conclude that the purported service in each of the actions underlying the default judgments pursuant to the substituted service "nail and mail" provisions of CPLR 308 (4) was ineffective. The summons in each case was affixed to the former marital residence, which was the defendant's last known residence, rather than his actual dwelling place or usual place of abode *(see, Feinstein v Bergner,* 48 NY2d 234, 241; *Ladell v Field,* 114 AD2d 1010). Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.