■ JOHN POET, Respondent, v ALEXANDER E. KOLENDA, Appellant, et al., Defendant.—In an action to recover damages,

*inter alia,* for breach of contract, the defendant Alexander Kolenda appeals from an order of the Supreme Court, Westchester County (Gurahian, J.), dated March 12, 1987, which denied his motion to vacate, cancel and set aside a service of summons upon him and to vacate, cancel and set aside the interlocutory judgment of the same court, dated October 9, 1986, entered against him on the issue of liability, upon his default in appearing.

Ordered that the order is reversed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for a hearing only on the issue of whether the plaintiff actually mailed a copy of the summons and notice to 17 Centre Street, Pleasantville, New York.

The sworn denial by the defendant Alexander Kolenda that he received the summons and notice by mail at 17 Centre Street, Pleasantville, New York, shifts to the plaintiff the burden of proving that the summons and notice had in fact been mailed. Under these circumstances, the process server's affidavit of service is no longer conclusive proof of service *(see, Empire Natl. Bank v Judal Constr.,* 61 AD2d 789). A hearing is required at which the process server must be made available for cross-examination *(see, Empire Natl. Bank v Judal Constr., supra).*

The appellant is estopped from contesting the sufficiency of service on the ground that a copy of the summons was improperly mailed to his actual place of business rather than his last known residence. On the notice of mechanic's lien against the plaintiff's property filed by the appellant immediately before service of process upon him, the appellant affirmatively represented that his residence was on Centre Street. The lien was for the same services which are the basis of the underlying action. The appellant cannot now argue that his residence is not on Centre Street *(see, Lavery v Lopez,* 131 AD2d 820; *Treutlein v Gutierrez,* 129 AD2d 791). Mollen, P. J., Thompson, Rubin and Sullivan, JJ., concur.