■ ANNETTE ANELLO, Appellant-Respondent, v KRISTEN BARRY, Respondent-Appellant.—In an action to recover damages for personal injuries arising out of an automobile accident, (1) the plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated July 5, 1988, which granted the defendant's motion to vacate a default judgment entered against her, and (2) the defendant cross-appeals, as limited by her brief, from so much of the same order as conditioned the vacatur upon her waiver of the defense of the Statute of Limitations.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine whether personal jurisdiction over the defendant was obtained in the action.

The record reveals that the defendant, in support of her motion to vacate a default judgment entered against her in this action, denied having ever received a copy of the summons and complaint. In response, the plaintiff claimed that proper service had been made on October 20, 1987, pursuant to CPLR 308 (2) at the residence of the defendant as reflected in a record of the Department of Motor Vehicles dated September 17, 1987. Without resolving the jurisdictional issue, the Supreme Court, Suffolk County, granted the defendant's motion to vacate the default on the condition that the defendant waive the defense of the Statute of Limitations. We now reverse.

The defendant correctly contends that if service was not properly effected pursuant to CPLR 308 (2), then the court has

no jurisdiction over her; hence, all proceedings, including the default judgment entered against her, would be nullities *(see, McMullen v Arnone,* 79 AD2d 496; *see also, Chase Manhattan Bank v Carlson,* 113 AD2d 734). Moreover, where a lack of personal jurisdiction is established, the vacatur of a default judgment must be unconditional *(see, Citibank v Keller,* 133 AD2d 63; *Chase Manhattan Bank v Carlson, supra).* Accordingly, we find that the court erred in vacating the default as excusable pursuant to CPLR 5015 (a) (1) without initially resolving the jurisdictional issue under CPLR 5015 (a) (4) *(see, Citibank v Keller, supra; Mayers v Cadman Towers,* 89 AD2d 844).

In view of the conflicting affidavits submitted on the defendant's motion, we conclude that a hearing is necessary to determine whether service was properly effectuated *(see, e.g., Poet v Kolenda,* 142 AD2d 633). We note in this regard that Vehicle and Traffic Law § 505 (5) requires that every motor vehicle licensee notify the Commissioner of Motor Vehicles of any change of residence within 10 days of the occurrence of the change. A party who fails to comply with this provision will be estopped from challenging the propriety of service which is made to the former address *(see, Hill v Jones,* 113 AD2d 874; *Kramer v Ryder Truck Rental,* 112 AD2d 194; *see generally, Lavery v Lopez,* 131 AD2d 820; *Poet v Kolenda, supra).* Mangano, J. P., Lawrence, Kooper and Sullivan, JJ., concur.