■ SANDRA L. LAMM, Respondent, v STEPHEN LAMM, Appellant.—In a matrimonial action in which the parties were divorced pursuant to a judgment entered May 11, 1987, the defendant husband appeals from an order of the Supreme Court, Nassau County (Yachnin, J.), dated October 26, 1989,

which denied his motion, (1) to vacate a prior order and judgment (one paper) of the same Court, entered November 9, 1988, which granted the plaintiff wife's motion to modify the divorce judgment by awarding custody of the parties' daughter to her upon his default in responding to that motion and (2) to remove to the Supreme Court, Nassau County, a proceeding pending in the Family Court, Nassau County, to enforce the order and judgment entered November 9, 1988.

Ordered that the order dated October 26, 1989, is modified, by deleting the provision thereof which denied that branch of the appellant's motion which was for vacatur of the order and judgment entered November 9, 1988; as so modified, the order is affirmed, with costs to the respondent, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issue of whether the appellant was served with the order to show cause dated June 29, 1988, upon which the order and judgment is based; if he was not served, whether he waived his objection to the lack of service; and whether he was given notice of the hearing date before Justice Yachnin of September 27, 1988; and for a new determination in accordance herewith.

After the parties were divorced, a dispute arose over the custody of their daughter. By order and judgment entered November 9, 1988, the Supreme Court awarded custody to the plaintiff, upon the defendant's default in responding to her motion to modify the judgment of divorce and award her custody.

On or about June 14, 1988, the plaintiff made a motion, by way of order to show cause, for certain relief. This order to show cause was not personally served on the defendant by June 16, 1988, the date prescribed by the court, although numerous attempts at service were made on June 15, and June 16, 1988.

The plaintiff then made a second motion by way of an order to show cause dated June 29, 1988, this time signed by Justice Wager, and made returnable on July 15, 1988. In this second motion, the plaintiff sought various relief, including the transfer of legal custody of the parties' daughter to her. The claims made by the wife in support of this application, if uncontradicted, would unquestionably warrant the relief requested. This is presumably the same relief which was sought by the plaintiff in the previous order to show cause. The plaintiff's position is that this order to show cause was personally served on the defendant on July 5, 1988.

On the return date of the order to show cause dated June 29, 1988, July 15, 1988, the plaintiff appeared before Justice Wager with her attorney, and the defendant appeared *pro se.* It is not clear whether he opposed the plaintiff's motion at this time, or objected on the basis that the underlying order to show cause had not been properly served. Justice Wager heard argument, and on the same day, issued an order requesting the Administrative Judge of Nassau County "to re-assign this case".

The record does not disclose exactly what transpired between July 15, 1988, and the date the order and judgment was issued. At some point during this interval, the case was referred from Justice Wager to Justice Yachnin. On October 20, 1988, Justice Yachnin granted the relief requested in the order to show cause dated June 29, 1988, and did so without any papers in opposition. That order and judgment was entered on November 9, 1988. The order and judgment recites that the motion came "on to be heard on September 27, 1988 before the Honorable Ralph Yachnin", and that the defendant, appearing *pro se* did not appear and "defaulted thereby".

The plaintiff later filed a petition in the Family Court, seeking enforcement of Justice Yachnin's order and judgment. The Family Court petition is dated January 9, 1989.

On or about June 29, 1989, the defendant moved (1) to vacate the order and judgment (one paper) of Justice Yachnin entered November 9, 1988, and (2) to remove the Family Court enforcement proceeding to the Supreme Court. In support of the former branch of this motion, the defendant averred that "I * * * was never served with a copy of the underlying order to show cause, dated June 29, 1988". In support of this assertion, the defendant submitted to the Supreme Court a copy of an affidavit of service dated June 22, 1988, which indicates that several attempts to serve an order to show cause had been made on June 15, and June 16, 1988, without success. However, this affidavit of service clearly refers to the plaintiff's first order to show cause (signed by Justice Levitt on June 14, 1988) and for obvious reasons, cannot possibly refer to the subsequent order to show cause signed by Justice Wager on June 29, 1988.

The attorney for the plaintiff opposed this motion. He averred that the order to show cause dated June 29, 1988, had been personally served on the defendant at 8:40 A.M. on July 5, 1988 at the Long Island Railroad Station in Great Neck. The attorney for the plaintiff annexed to his affidavit in

opposition a copy of the process server's affidavit of service attesting to this fact.

The court (Yachnin, J.), in the order appealed from, denied the defendant's motion in its entirety. In its decision, the court stated that the defendant "wholly fail[ed] to address the alleged service on July 5, 1988 of the order to show cause, dated June 29, 1988". It is thus evident that the court essentially based its decision upon the proof that the defendant was, in fact, served with an order to show cause on July 5, 1988. Having upheld the validity of the order and judgment entered November 9, 1988, the court went on to deny that branch of the defendant's motion as was to remove the enforcement proceedings from the Family Court to the Supreme Court, noting that the Family Court "has concurrent jurisdiction" over such proceedings. This appeal by the defendant followed.

That branch of the defendant's motion which was to vacate the order and judgment entered November 9, 1988, was apparently based both on his allegation that he never received adequate notice of the proceedings, and therefore any default on his part was excusable *(see,* CPLR 5015 [a] [1]). The central issue thus becomes whether the defendant was in fact served with the underlying order to show cause dated June 29, 1988. He states unequivocally that he was *not* served, and this assertion is contradicted by the affidavit of a process server to the effect that he *was* served on July 5, 1988.

In short, there are issues of fact as to whether the defendant was served with the underlying order to show cause, and also as to whether, during his appearance in court, he waived his objection to lack of service. Further, there is no information in the record as to whether the defendant had adequate notice of the adjourned return date of the motion, which the order and judgment recites was September 27, 1988.

There must, therefore, be a hearing limited to these issues *(see, e.g., Anello v Barry,* 149 AD2d 640, 641; *Poet v Kolenda,* 142 AD2d 633 [hearing required to resolve factual dispute raised by conflicting affidavits as to service of process]). Since the defendant otherwise "failed to show a reasonable excuse for his default * * * denial of his motion [insofar as it is for discretionary vacatur] was proper" *(Roseboro v Roseboro,* 131 AD2d 557, 558).

Since the plaintiff may properly seek enforcement of the order and judgment entered November 9, 1988, by proceeding in the Family Court, unless and until the order and judgment

is itself vacated, that branch of the defendant's motion which was to remove the enforcement proceeding to the Supreme Court was properly denied. If the order and judgment is vacated, then the application to remove the enforcement proceeding to the Supreme Court becomes essentially moot, since the proceeding would be subject to dismissal, and since any order entered in the enforcement proceeding based upon the Supreme Court's order and judgment would be subject to vacatur (see, CPLR 5015 [a] [5]). Bracken, J. P., Brown and Sullivan, JJ., concur.

Kunzeman, J., concurs in part and dissents in part, and votes to affirm, with the following memorandum: Upon the default of the defendant in responding to the plaintiff's motion to modify the judgment of divorce which had awarded the defendant custody of the parties' daughter, the Supreme Court granted the plaintiff custody of the parties' daughter, child support and counsel fees. The defendant alleges that neither the order to show cause dated June 29, 1988, which brought on the plaintiff's motion, nor the order and judgment entered November 9, 1988, upon his default in responding, were served upon him. When the plaintiff instituted a proceeding in Family Court to enforce the order and judgment, the defendant moved to vacate the order and judgment and to remove the Family Court proceeding to the Supreme Court. This motion was denied.

It is well settled that a movant's failure to demonstrate both a reasonable excuse for the default and a meritorious defense to the underlying action is fatal to a motion to vacate (see, East Is. Assn. v Carbone, 150 AD2d 422). The issue of what constitutes a reasonable excuse for a default rests within the sound discretion of the trial court (see, Perellie v Crimson's Rest., 108 AD2d 903, 904).

The defendant has failed to address the plaintiff's assertion that he was served with the order to show cause on July 5, 1988. Despite his claim that he was never served with the order to show cause and supporting papers, the defendant appeared pro se before Justice Wager and orally argued. Moreover, he took no further action until enforcement proceedings were commenced in the Family Court and an income execution was served on his employer. It also bears noting that defendant ignored the plaintiff's attempts to schedule a mutually convenient hearing date with respect to a previous writ of habeas corpus and failed to comply with a request that he submit an affidavit of net worth. In light of the defendant's evasive conduct, no reasonable excuse for his default exists.

Furthermore, a review of the defendant's papers fails to demonstrate a meritorious defense. Inasmuch as the Family Court has concurrent jurisdiction with respect to the enforcement of the challenged order and judgment, there is no valid reason for the requested removal. Under the circumstances, there is no reason to disturb the Supreme Court's determination.