■ EDWARD TAYLOR, Appellant, v SHARON JONES, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Golden, J.), dated October 13, 1989, which (1) denied his motion for the appointment of a receiver of the rents and profits of certain rental property owned by the defendant, and (2) granted the defendant's cross motion to vacate a judgment of the same court, entered August 5, 1988, upon the defendant's default in answering the complaint, which is in favor of the plaintiff and against the defendant in the principal sum of $21,467.35, on condition that the defendant pay to the plaintiff's attorney the sum of $500 and serve an answer within 30 days which does not assert the defense of lack of personal jurisdiction.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether personal jurisdiction over the defendant was obtained in the action, and a new determination of the motion and cross motion in accordance herewith.

The plaintiff entered a default judgment against the defendant in this action on August 5, 1988. The plaintiff thereafter moved for the appointment of a receiver of the rents and profits of certain real property owned by the defendant, and the defendant cross-moved to vacate the default judgment on the ground that service of process was never effected upon her. In response, the plaintiff claimed, *inter alia,* that the defendant had been personally served with the summons and complaint at her residence on June 16, 1986. Without resolving the issue of personal jurisdiction, the Supreme Court denied the plaintiff's motion and granted the defendant's cross motion to vacate the default judgment on condition that she pay $500 to the plaintiff's attorney and serve an answer within 30 days. We reverse.

We reject the plaintiff's contention that the defendant failed to deny that personal service was effected upon her. The record is replete with sworn statements of the defendant and her attorney to the effect that the defendant was never served with process and that she did not acquire notice of the action until she received a copy of the plaintiff's motion for the appointment of a receiver. Accordingly, the plaintiff's contention that personal service was not placed in issue is without merit.

However, inasmuch as the defendant sought vacatur of the default judgment on the ground that she was never served with process, she raised a jurisdictional objection pursuant to CPLR 5015 (a) (4) which the Supreme Court was required to resolve *(see, Anello v Barry,* 149 AD2d 640; *Citibank v Keller,* 133 AD2d 63; *Mayers v Cadman Towers,* 89 AD2d 844). In view of the conflicting affidavits submitted by the parties on the defendant's cross motion, we conclude that a hearing is necessary to determine whether service was properly effectuated *(see, e.g., Anello v Barry, supra; Poet v Kolenda,* 142 AD2d 633). While we express no opinion on the merits of the issue, we note that the defendant has conceded the accuracy of her residence address and physical description as set forth in the affidavit of personal service, and she has offered no explanation for the return of numerous letters and documents mailed to her by the plaintiff's attorney at the residence address. Moreover, we note that in the event the Supreme Court ultimately determines that jurisdiction over the person of the defendant was not obtained, all of the proceedings would be rendered nullities and the defendant would be entitled to an unconditional vacatur of the default judgment *(see, Anello v Barry, supra; Citibank v Keller, supra; Chase Manhattan Bank*

*v Carlson,* 113 AD2d 734). Conversely, if the court finds that personal service was validly made on the defendant, then, under the circumstances presented, the cross motion to vacate the default judgment should be denied *(see, Cadin Contr. v Rich Agency,* 158 AD2d 442). Sullivan, J. P., Eiber, Miller and Ritter, JJ., concur.