■ STATE OF NEW YORK HIGHER EDUCATION SERVICES CORPORATION, Respondent, v CHRISTOPHER KING, Appellant. [648 NYS2d 797] —Peters, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered March 6, 1995 in Albany County, which granted plaintiff's motion for summary judgment.

Defendant failed to pay the amounts outstanding on two student loans secured by him in 1975 and 1976 which had been guaranteed by plaintiff. Upon plaintiff's payment pursuant to the guarantee, it commenced this action against defendant. A summons and complaint dated November 20, 1984 listed defendant as "Christ King", residing at "236 Messina St., C. Islip, NY". When defendant failed to appear, a default judgment was entered on September 6, 1985.

In August 1994, defendant moved by order to show cause to vacate the default judgment by alleging, *inter alia*, that Supreme Court lacked personal jurisdiction over him since he was neither served nor had he received the aforementioned

summons and complaint, never having resided at the address indicated.[1] In the alternative, defendant sought to vacate the judgment pursuant to CPLR 5015 (a) (1), contending that the default was excusable upon his meritorious defense.[2] By decision and order dated September 6, 1994, Supreme Court granted defendant's motion. Finding a traverse hearing to be futile, it directed defendant to interpose an answer within 20 days of entry. Defendant timely submitted an answer which once again asserted, *inter alia*, the jurisdictional defense. Plaintiff thereafter moved for summary judgment which was granted by order and judgment of the court entered March 6, 1995, prompting this appeal.

We note, preliminarily, that the issue regarding personal jurisdiction was timely raised, notwithstanding defendant's failure to appeal the initial order rendered by Supreme Court on September 6, 1994. The order and judgment entered March 6, 1995 constituted a final order in this action. On appeal, defendant appropriately sought review of the court's prior jurisdictional determination as a "non-final judgment or order which necessarily affects the final judgment" (CPLR 5501 [a] [1]). We further find no merit to plaintiff's contention that defendant failed to timely perfect this appeal since we deemed the appeal to have been timely perfected by order dated February 29, 1996.

Addressing the jurisdictional challenge, we conclude that Supreme Court inappropriately reviewed the excusable nature of the default when it should have first determined the issue of jurisdiction (*see, Cipriano v Hank*, 197 AD2d 295, 298; *Mayers v Cadman Towers*, 89 AD2d 844, 845). With the issue of jurisdiction unresolved, we remit this matter for a traverse hearing. If jurisdiction is found to be lacking, the default judgment, as well as all subsequent proceedings, would be rendered null and void (*see, Cipriano v Hank, supra*, at 298; *Community State Bank v Haakonson*, 94 AD2d 838, 839; *Mayers v Cadman Towers, supra*, at 845).

Mikoll, J. P., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

1. Defendant contends that he has resided at 236 East 23 Street, Brooklyn, New York, since 1976.

2. As a result of a determination issued by the United States District Court for the Eastern District of New York on December 14, 1979, defendant was issued a "discharge" which released him from, *inter alia*, "all dischargeable debts". Defendant contends that he was advised that such discharge included the payment of his student loans.