■ COUNTY OF ROCKLAND, Respondent, v JAMES J. COAKLEY, Appellant. [652 NYS2d 555] —Spain, J. Appeal (transferred to this

Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Rudolph, J.), entered September 7, 1995 in Rockland County, which, *inter alia*, denied defendant's motion to dismiss the complaint.

Plaintiff commenced an action against defendant on December 11, 1991 to recover moneys due under a guarantee of payment signed by defendant in connection with hospital expenses incurred by his mother between May 1985 and February 1987. Upon defendant's failure to appear in the action, plaintiff obtained a default judgment against him on February 26, 1992. Thereafter, defendant made a motion to vacate the default judgment pursuant to CPLR 5015. Supreme Court granted the motion on April 5, 1995 and directed defendant to serve an answer. After serving an answer, defendant moved to dismiss the complaint on the basis that the cause of action asserted therein was barred by the Statute of Limitations. Supreme Court denied the motion and ordered a traverse hearing on the issue of the propriety of service of the summons and complaint upon defendant. Defendant appeals.

We affirm. Upon our review of the record, we do not find that Supreme Court abused its discretion in choosing to initially resolve the issue of in personam jurisdiction. In denying defendant's motion and ordering a traverse hearing, Supreme Court gave priority to the issue of whether the summons and complaint were properly served so as to confer personal jurisdiction over defendant. Traverse hearings are typically ordered where questions of fact exist as to the propriety of service (*see, e.g., Taylor v Jones*, 172 AD2d 745; *Brent-Grand v Megavolt Corp.*, 97 AD2d 783; *Albers v Luizzi Enters.*, 127 Misc 2d 190).

In its decision granting defendant's motion to vacate the default judgment, Supreme Court noted that courts are empowered to vacate default judgments based upon a lack of jurisdiction under CPLR 5015 and further noted the existence of questions of fact regarding personal jurisdiction. Although the court did not order a traverse hearing at the time it opened the default, it later found such a hearing necessary to resolve questions of fact relating to jurisdiction in connection with defendant's motion to dismiss the complaint based on the expiration of the Statute of Limitations. Such finding is significant because the tolling provisions of CPLR 205 (a) would not be applicable if, in fact, there were no personal jurisdiction over defendant in the first instance (*see, Markoff v South Nassau Community Hosp.*, 61 NY2d 283; *see also, Parker v Mack*, 61 NY2d 114). Accordingly, we find no reason to disturb Supreme Court's order.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.