█ In the Matter of H., Respondent, v M., Appellant. [850 NYS2d 480]—

In a proceeding pursuant to Family Court Act articles 4 and 5 to establish paternity and for child support, the putative father appeals from an order of the Family Court, Suffolk County (Simeone, J.), dated January 31, 2007, which denied his objection to an order of the same court (Raimondi, S.M.), dated November 28, 2006, denying his motion to vacate for lack of personal jurisdiction an order of support entered November 2, 1995, upon his default in answering or appearing.

Ordered that the order dated January 31, 2007, is reversed, on the law, without costs or disbursements, the objection is sustained, the order dated November 28, 2006, is vacated, and the appellant's motion to vacate the order of support entered November 2, 1995, is granted.

The appellant contends that the Family Court never obtained personal jurisdiction over him in this proceeding because he was not properly served with process when the proceeding was commenced in 1995. The appellant's objection based on lack of personal jurisdiction must be entertained even at this late juncture (see CPLR 5015 [a] [4]; State of N.Y. Higher Educ. Servs. Corp. v Sparozic, 35 AD3d 1069, 1070 [2006]). The appellant was never properly served with process, since, according to the affidavit of service, the summons and petition were affixed to the door of his residence, but were never mailed. Further, the appellant claimed that he was never personally served with process, and never received the summons and petition in the mail. There is no affidavit of service indicating that personal service was made, or that the summons and petition were mailed to the appellant. Finally, service was untimely, as it was made less

than eight days before the paternity and support hearing. Accordingly, the Family Court never acquired personal jurisdiction over the appellant (*see* Family Ct Act §§ 427, 525; CPLR 308).

Consequently, the order of support entered against the appellant upon his default in answering or appearing should have been unconditionally vacated (*see Steele v Hempstead Pub Taxi,* 305 AD2d 401, 402 [2003]; *Taylor v Jones,* 172 AD2d 745 [1991]; *DeMartino v Rivera,* 148 AD2d 568, 569 [1989]; *Chase Manhattan Bank v Carlson,* 113 AD2d 734, 735 [1985]). The fact that the appellant acquired actual notice of the proceeding by means other than those authorized by statute cannot serve to bring him within the jurisdiction of the court (*see Macchia v Russo,* 67 NY2d 592, 595 [1986]; *Foley Mach. Co. v Amaco Constr. Corp,* 126 AD2d 603, 604 [1987]). Ritter, J.P., Florio, McCarthy and Dickerson, JJ., concur.