◼ In the Matter of QADEERA TONEZIA D. ABBOTT HOUSE, INC., et al., Respondents; CASSANDRA D., Appellant. (Proceeding No. 1.) In the Matter of QADEEM D. ABBOTT HOUSE, INC., et al., Respondents; CASSANDRA D., Appellant. (Proceeding No. 2.) In the Matter of QASHANDA TANNELL D., Also Known as QUASHANDRA D. ABBOTT HOUSE, INC., et al., Respondents; CASSANDRA D., Appellant. (Proceeding No. 3.) In the Matter of KA'VON TYREECE J., Also Known as KAVON D. ABBOTT HOUSE, INC., et al., Respondents; CASSANDRA D., Appellant. (Proceeding No. 4.) [866 NYS2d 223]—

In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of the Family Court, Queens County (Salinitro, J.), dated September 17, 2007, which denied her motion to vacate her default in appearing at the fact-finding and dispositional hearing.

Ordered that the order is reversed, on the law, without costs or disbursements, the mother's motion to vacate her default is granted, the four orders of disposition dated September 18, 2007, respectively, terminating the mother's parental rights as to each child, are vacated, and the petitions are dismissed.

Under CPLR 5015 (a) (4), a default must be vacated once a movant demonstrates lack of jurisdiction (*see Citibank v Keller*, 133 AD2d 63, 64-65 [1987]). "Although a party moving to vacate a default must normally demonstrate a reasonable excuse and a meritorious defense (*see* CPLR 5015 . . . ) the movant is relieved of that obligation when lack of personal jurisdiction is asserted as the ground for vacatur" (*Harkless v Reid*, 23 AD3d 622, 622-

623 [2005]; *Steele v Hempstead Pub Taxi*, 305 AD2d 401, 402 [2003]).

Here, it is undisputed that there was no affidavit of service with respect to service upon the mother. Moreover, the mother did not appear in court and participate in the merits of the proceeding. Therefore, she did not waive her jurisdictional objection (*see Pendergrast v St. Mary's Hosp.*, 156 AD2d 436 [1989]; *cf. Matter of Roslyn B. v Alfred G.*, 222 AD2d 581, 582 [1995]; *Matter of Rosso v Rosso*, 171 AD2d 797 [1991]). Accordingly, the Family Court should have vacated the mother's default on jurisdictional grounds (*see Citibank v Keller*, 133 AD2d at 64-65).

In light of this determination, the mother's remaining contentions need not be reached. Mastro, J.P., Angiolillo, Carni and Eng, JJ., concur.