In an action to recover damages for personal injuries, the defendants Jorge A. Velecela and Luis A. Niola appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated August 31, 2007, which denied their motion to vacate a judgment of the same court (Maraño, J.), entered June 29, 2007, upon their default in answering or appearing and after an inquest on the issue of damages, which was in favor of the plaintiff and against them in the principal sum of $225,000.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to vacate so much of the judgment as was in favor of the plaintiff and against the defendant Luis A. Niola; as so modified, the order is affirmed, with costs payable to the defendant Luis A. Niola by the plaintiff, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of whether personal service was effected upon the defendant Luis A. Niola, and thereafter for a new determination of the motion.
On October 27, 2006 the plaintiff was struck by a car owned by the defendant Luis A. Niola. The defendant Jorge A. Velecela was driving that car, with Niola’s permission.
By filing a summons and complaint on November 21, 2006, the plaintiff commenced this instant personal injury action against Velecela and Niola. According to an affidavit of service, on November 25, 2006, at 12:38 p.m., Niola was personally served with the summons and complaint pursuant to CPLR 308 (1). According to another affidavit of service, on December 26, 2006, Velecela was served with the summons and complaint by substituted service pursuant to CPLR 308 (2). However, both defendants failed to interpose answers or appear in the action.
Following an inquest on the issue of damages, the plaintiff *516 obtained a default judgment in his favor and against the defendants in the principal sum of $225,000. Subsequently, the defendants, asserting that they found out about the commencement of the action after the judgment was entered, moved to vacate the judgment. In the order appealed from, the Supreme Court, finding that the defendants “failed to set forth a reasonable excuse for the default and meritorious defense,” denied the motion. We modify.
Velecela, who acknowledged receipt of the summons and complaint, and who offered a particular excuse for his failure to answer or appear, sought vacatur pursuant to CPLR 5015 (a) (1). Where a defendant seeks vacatur of a default judgment pursuant to CPLR 5015 (a) (1), the defendant must demonstrate a reasonable excuse for the default and a meritorious defense to the action (see J.P. Equip. Rental & Materials v Fidelity & Guar. Ins. Co., 288 AD2d 187 [2001]). The determination of what constitutes a reasonable excuse for a default lies within the court’s sound discretion (id. at 187), and we agree with the Supreme Court that Velecela failed to demonstrate a reasonable excuse for his default. Accordingly, the Supreme Court properly denied that branch of the defendants’ motion which was to vacate so much of the judgment as was in favor of the plaintiff and against Velecela (see Hospital for Joint Diseases v Allstate Ins. Co., 283 AD2d 609, 610 [2001]). However, the Supreme Court improperly denied that branch of the defendants’ motion which was to vacate so much of the judgment as was in favor of the plaintiff and against Niola.
Unlike Velecela, Niola took issue with service of the summons and complaint. In this regard, Niola submitted, among other things, an affidavit in which he denied receipt of process, explaining that he was driving a taxi at the time of the alleged service, and maintaining that he did not match the description in the affidavit of service of the person served.
Under the circumstances, these sworn allegations were sufficient to warrant a hearing on the issue of whether personal service was effected upon Niola (see Taylor v Jones, 172 AD2d 745, 746 [1991]; Cadin Contr. v Rich Agency, 158 AD2d 442 [1990]). Since the Supreme Court failed to determine whether personal service was effected, we remit the matter for a hearing to determine that issue and thereafter for a new determination of the motion to vacate. We note that in the event the Supreme Court ultimately determines that personal service was not effected, all of the proceedings against Niola would be nullities because personal jurisdiction was lacking, and he would be entitled to an unconditional vacatur of so much of the judgment *517 as is in favor of the plaintiff and against him (see Matter of H. v M., 47 AD3d 629, 630 [2008]; Taylor v Jones, 172 AD2d at 746; Cadin Contr. v Rich Agency, 158 AD2d at 442-443; see also CPLR 5015 [a] [4]). If, on the other hand, the Supreme Court ultimately determines that personal service was indeed effected, then under the circumstances, Niola, whose only proffered excuse for his default was that he was not served with process, would not be entitled to vacatur (cf. CPLR 5015 [a] [1]). Fisher, J.P., Lifson, Covello, Balkin and Belen, JJ., concur.