■ In the Matter of ANNA M. ADAM W.M., Respondent; BENJAMIN L.M. III, Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of ANITA M. ADAM W.M., Respondent; BENJAMIN L.M. III, Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of ABIGAIL M. ADAM W.M., Respondent; BENJAMIN

L.M. III, Appellant, et al., Respondent. (Proceeding No. 3.) [940 NYS2d 121]—

In related guardianship proceedings pursuant to Family Court Act article 6, the father appeals from so much of an order of the Family Court, Dutchess County (Sammarco, J.), dated January 3, 2011, as denied his motion, inter alia, to vacate an order dated October 24, 2008, awarding guardianship of the subject children to the petitioner.

Ordered that the order dated January 3, 2011, is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Family Court, Dutchess County, for a hearing to determine whether personal jurisdiction over the father was obtained in the proceedings, and thereafter for a new determination of the father's motion.

In an order dated October 24, 2008, the Family Court appointed the petitioner, the uncle of the subject children, as guardian of the children. The father had failed to appear in these proceedings. Almost two years later, the father moved, inter alia, to vacate the order of guardianship, arguing that the Family Court lacked personal jurisdiction over him. The father argued, among other things, that he was not served with the order to show cause or petitions in this matter. In addition, his attorney argued that the affidavit of service stated that the father was served on September 28, 2008, which was a Sunday, rendering service void (see General Business Law § 11).

The Family Court denied the father's motion. Without specifically addressing the issue of personal jurisdiction, the Family Court found that the father had notice of the petitioner's request for guardianship but failed "to take action" and "explain his delay" in moving to vacate the order of guardianship and opposing the petitions. The Family Court therefore determined that "[e]ven if there was a defect in service," the "doctrine of laches operate[d] to bar the father from vacating the guardianship order." This was error.

CPLR 5015 provides that "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just," upon the ground of, inter alia, "excusable default" (CPLR 5015 [a] [1]) or "lack of jurisdiction to render the judgment or order" (CPLR 5015 [a] [4]). A court may not rule on the excusable nature of a defendant's default under CPLR 5015 (a) (1) without first determining the jurisdictional question under CPLR 5015 (a) (4) (see Roberts v Anka, 45 AD3d 752, 753 [2007]; Citibank v Keller, 133 AD2d 63, 64 [1987]; Mayers v

*Cadman Towers*, 89 AD2d 844, 845 [1982]). Where want of jurisdiction is the ground for a motion to vacate pursuant to CPLR 5015, a default must be vacated once the movant demonstrates a lack of personal jurisdiction, and the movant is relieved of any obligation to demonstrate a reasonable excuse for the default and a potentially meritorious defense (*see Matter of Qadeera Tonezia D.*, 55 AD3d 606, 606-607 [2008]; *Citibank v Keller*, 133 AD2d at 64-65)

Here, the Family Court failed to determine whether personal service was properly effected, or whether any defect in service could be disregarded as an irregularity under CPLR 2001 (*cf. Ruffin v Lion Corp.*, 15 NY3d 578 [2010]). Accordingly, under the circumstances of this case, the matter must be remitted to the Family Court, Dutchess County, for a hearing to determine the issue of personal jurisdiction and thereafter for a new determination of the motion, inter alia, to vacate the order dated October 24, 2008 (*see Delgado v Velecela*, 56 AD3d 515 [2008]; *see also Verille v Kopic*, 304 AD2d 823 [2003]; *Matter of Griffin v Griffin*, 215 AD2d 386 [1995]). Rivera, J.P., Eng, Lott and Sgroi, JJ., concur.