OPINION OF THE COURT
Johnny L. Baynes, J.
*496 Defendants, Solomon Koschitzki and Maty Koschitzki (hereinafter defendants) move by order to show cause dated April 29, 2017, for an order pursuant to CPLR 5015 vacating the default judgment herein entered on the 8th day of February, 2017, and dismissing all claims herein.
Defendants assert that the purported service of the summons and complaint herein is invalid as they were served on November 26, 2016, which was a Saturday. It is undisputed that defendants are Orthodox Jews who observe the Sabbath. It is undisputed that plaintiff knew that defendants are observant Jews. Therefore, General Business Law § 13 requires that defendants not be served during the Jewish Sabbath. The affidavit of service submitted by plaintiff, Signature Bank NA, states that the summons and complaint were served at 5:30 p.m. on Saturday, November 26, 2016.
It is the sworn statement of defendant Solomon Koschitzki that the summons and complaint were served at that time upon a “Jane Koschitzki” relative. Defendants dispute the existence of any such relative who would have been authorized to accept service on their behalf. Defendants further dispute the propriety of the time at which they were served, stating that while Jews who adhere to the group Chabad believe that the Sabbath ended at 5:15 p.m. on the date in question, it is the belief of the defendants and others of their fellow adherents that Sabbath ends 72 minutes after sunset, or 90 minutes after candle lighting time. Defendants’ sworn statement is that Sabbath ended for them at 5:43 p.m. on November 26, 2016. In support of this position, defendants submit information to show that among Chasidic communities such as defendants’, it is actually common practice to wait for 72 minutes past sundown to resume post-Sabbath activities. (See Jewish Calendar Nov. 2016, http://www.hebcal.com/hebcal/?year=2016 & month=x & YT=G & v=l & nh=on & nx=on & mf=on & ss=on & o=on & s=on & i=on & lg=s & vis=on & D=on & d=on & c=on & geo=city & city=New+York & m=72 & .cgifields=nx & .cgifields=nh & .cgifields=mf & ,cgifields=ss & .s=Preview+CalendarNo.cal-2016-11.)
The court understands that there is disagreement as to the time at which Sabbath ends among different groups of observant Jews. This court does not believe it would be appropriate for it to determine the manner in which religious custom should be observed by any individual group or require that one particular group’s traditions be adhered to uniformly. The time as *497 serted by defendants is not unreasonable given the conflicting opinions contained in different religious sources. Thus, the court finds that plaintiff was in violation of General Business Law § 13 when it served defendants during their Sabbath observance.
On a final note, the court observes that plaintiff asserts defendants’ purported lack of meritorious defense as a reason to refuse to dismiss the action. However, when a defendant asserts that he or she was never served or improperly served, it is inappropriate to consider the merits of the action and excusable default. “It is axiomatic that the failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void.” (McMullen v Arnone, 79 AD2d 496, 499 [2d Dept 1981], citing Feinstein v Bergner, 48 NY2d 234, 241 [1979].) Nor need the court reach the issue of whether “Jane Koschitzki” was a person authorized to receive service since in this instance service violated General Business Law § 13 as applied to the facts herein.
Wherefore, it is hereby ordered and adjudged that defendants’ motion for an order pursuant to CPLR 5015 vacating the default judgment herein entered on the 8th day of February, 2017, and dismissing the summons and complaint herein is granted in all respects.