Matter of Bowman v Muniz (2019 NY Slip Op 03422)





Matter of Bowman v Muniz


2019 NY Slip Op 03422


Decided on May 2, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 2, 2019

526695

[*1]In the Matter of NATHELIA M. BOWMAN, Petitioner,
v
JOSE L. MUNIZ, Appellant.

Calendar Date: March 21, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Rumsey, JJ.


Youth Represent, New York City (Dale A. Ventura of counsel), for appellant.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the Family Court of Albany County (M. Walsh, J.), entered July 14, 2017, which, in a proceeding pursuant to Family Ct Act article 4, denied respondent's objections to the order of a Support Magistrate.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2007). In April 2016, the mother commenced this proceeding seeking child support. The mother attempted to serve the father by mail, but the mailing was returned to Family Court marked as unclaimed and unable to forward. The father did not appear or answer and, in July 2016, the Support Magistrate issued an order of support on the father's default. The father subsequently moved to vacate the default order, asserting, among other things, that the mother had failed to serve him, that the court lacked personal jurisdiction, and that he was not submitting to the court's jurisdiction by filing the motion. The mother filed no opposition. In April 2017, the Support Magistrate issued an order that vacated the July 2016 order of support on the ground that "personal jurisdiction was not obtained over [the father] when the order of support was issued." Despite this determination, the order erroneously restored the mother's petition to the calendar and scheduled a subsequent appearance. Neither the father nor his counsel appeared, and the Support Magistrate issued a second default order restoring the July 2016 order, effective as of the proceeding's commencement date in April 2016.
The father filed objections to the second default order in Family Court, contending that the court never obtained personal jurisdiction and requesting vacatur of the second order and all accrued arrears as well as dismissal of the petition. The court denied the objections without prejudice on the basis that the order was entered on default and, as such, the father's remedy was to move before the Support Magistrate to vacate the order. The father appeals.[FN1]
Family Court erred in denying the father's objections. As the court stated, the proper procedure for challenging an order of child support entered on default is ordinarily to move to [*2]vacate the order before the Support Magistrate and then, if necessary, to file objections from the denial of that motion (see Family Ct Act § 439 [e]; Matter of Delong v Bristol, 117 AD3d 1566, 1566 [2014], lv denied 24 NY3d 909 [2014]; Matter of Reaves v Jones, 110 AD3d 1276, 1277 [2013]). Here, however, the father had already properly followed that procedure in challenging the July 2016 child support order and had obtained an order vacating the support order on the ground that personal jurisdiction had never been obtained. Upon making such a determination, a court "must vacate [a default] judgment absolutely, and may not impose terms and conditions upon the vacatur" (McMullen v Arnone, 79 AD2d 496, 499 [1981]; see Hitchcock v Pyramid Ctrs. of Empire State Co., 151 AD2d 837, 839 [1989]). The first order of support and all subsequent proceedings were nullified by the determination that there was no personal jurisdiction, and the Support Magistrate had no further authority (see State of New York Higher Educ. Servs. Corp. v King, 232 AD2d 842, 843 [1996]; Community State Bank v Haakonson, 94 AD2d 838, 839 [1983]).
For the same reasons, Family Court was required to dismiss the petition. The undisputed record supports the Support Magistrate's determination that personal jurisdiction over the father was never obtained. Proper service, which may be accomplished by mail in child support proceedings, must be effected to obtain personal jurisdiction over a respondent (see Family Ct Act §§ 427, 453 [b], [c]; Matter of Mary A.G. v Ira T.B., 157 AD3d 951, 952 [2018]; Matter of H. v M., 47 AD3d 629, 630 [2008]; Matter of Sutton v Mundy, 24 AD3d 1128, 1129 [2005]). Here, the mother did not oppose or contradict the father's assertion that he was not served, the Support Magistrate acknowledged in correspondence with the father's counsel that the original summons and petition had been returned to the court marked unclaimed, the envelope with that marking was submitted as an exhibit, and nothing in the record indicates that service was made upon the father in some other manner. The court thus had no jurisdiction over the father and no authority to do anything but dismiss the petition. Accordingly, the second order of support must be vacated and the petition dismissed (see Matter of Keith X. v Kristin Y., 124 AD3d 1056, 1058 [2015], lv denied 25 NY3d 907 [2015]; Matter of Psyllos v Psyllos, 21 AD3d 560, 560 [2005]; Community State Bank v Haakonson, 94 AD2d at 839).
Clark, Mulvey, Devine and Rumsey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, said order vacated and petition dismissed.



Footnotes

Footnote 1: The mother did not file a brief or otherwise participate in the appeal.